EX-PARTE WILLIAM HARFOURD.

1. Where it appears that a committing magistrate, on complaint that the accused had threatened to do damage to a schooner, and also to do bodily harm to the complainant, issued a warrant of commitment to the jail for want of sureties against doing damage to the property and to keep the peace toward the complainant; *held*, that this was erroneous. Sureties of the peace against doing damage to property (except as to threats to burn a dwelling-house) are not authorized by the common law or by statute, and imprisonment for want of such sureties is not allowed by law.

2. The commitment having been made for want of bail for an act not criminal, and also for a criminal act, is irregular. The security should be fixed according to the degree of the criminal act charged, and the court on *habeas corpus* should, if required by the accused, hear and examine into the evidence for the purpose of determining what criminal act has been committed, and the probable cause shown against the accused, and this, whether the warrant of commitment was regular or irregular.

Writ of error to the Circuit Court for Escambia county. The facts of the case are stated in the opinion of the court.

*Wm. Kirke* and *D. S. Walker* for Plaintiff in Error.

*The Attorney-General* for the State.

THE CHIEF-JUSTICE delivered the opinion of the court.

Wm. Harfourd was arrested on the complaint of his wife, charged with having gone on board the schooner Minnie and destroyed various articles; and that he threatens to do

other damage to the schooner, which is in her custody as guardian, &c. And charged further with having within the past two months threatened to do bodily harm to the complainant, and thereupon prayed sureties of the peace against Harfourd.

Upon this complaint the county judge of Escambia county issued his warrant. Harfourd was arrested, witnesses were examined, and Harfourd was found guilty and required to give security in the sum of six hundred dollars " to keep the peace toward all the people of the State of Florida, and particularly towards the said Elizabeth Harfourd, of said county, and should refrain from doing any injury to the schooner Minnie, or anything appertaining to said schooner, for the space of twelve months." And such security not being given, defendant was committed to jail, to be there kept " until he should find such security, or be thence discharged by due course of law."

Harfourd then obtained a writ of *habeas corpus* from the Circuit Judge, directed to the sheriff, who made return that he held petitioner by virtue of the commitment referred to, which recited the proceedings and finding above quoted.

The return was excepted to as insufficient in that the commitment did not specifically set forth the charge upon which accused was arrested and tried; that it couples a legal offence with one unknown to the law, and that the security required to be given is not in accordance with the law, and petitioner moved to quash the commitment and for a discharge.

The Judge denied the motion, whereupon the petitioner asked leave to present to him the proceedings and testimony taken in writing before the county judge, and that he might introduce other witnesses and testimony, " and for plea to the return says " that there was not any legal evidence before the county judge to warrant the finding or commitment; that it will appear from evidence before the county judge

that all the threats of violence, if any, related to property and not to the person; that it will appear from the evidence before the county judge that for the preceding two months the prosecuting witness, who is the wife of petitioner, lived with him without fear of bodily harm and peaceably, and that no quarrel, altercations or threats took place on or about the time she had the accused arrested; and that it would further appear that the arrest was made solely that she might in her own way control the working and profits of the schooner Minnie.

The Circuit Judge then makes this entry in the record: "Upon delivering my opinion adverse to the application of the relator on the proceedings and papers prior to the foregoing, the counsel asked leave to present the same and moved that action be taken thereon; whereupon, considering matters already disposed of as the law required, I refused to take further steps, and made the order which follows, to which relator's counsel excepted." Then follows an order that the complaint of the relator is not sustained, and he was "remanded to the custody of the sheriff under the commitment aforesaid."

The minutes of the proceeding and judgment being duly filed and entered of record, the petitioner obtained a writ of error.

The errors assigned are, first, overruling the motion to quash the commitment and discharge the prisoner; second, in refusing to "inquire into the cause of his imprisonment," to grant a re-hearing upon the petition; and, third, in remanding the prisoner to the custody of the sheriff.

The complaint and commitment in this case show that the causes alleged for the arrest and imprisonment were threats to do damage to property and threats to do bodily harm. It is objected that this couples two offences in the same charge, which should not be united, as a party should not be put to trial on two distinct offences stated in the

same charge. It is no fault in an indictment that several·
offences of the same grade be joined in one indictment.
Every indictment containing more than one count charges
in the law as many offences as there may be counts con-
tained in it.

The objection, however, that the charge embraces threats
to injure property and to do bodily harm, and that it does
not appear whether the amount of bail was fixed with refer-
ence to the former or the latter, presents a different ques-
tion. Sureties of the peace in general are required for the
protection of person and not of property. We have found
but one reference in the books to the case of threatened dam-
age to property. "Wherever any private man hath just
cause to fear that another will *burn his house*, or do him a
corporal injury by killing, imprisoning or beaten him, or
that he will procure others to do so, he may demand surety
of the peace against such person." 1 Hawk. P. C., c. 60.
"Surety of the peace may be demanded by a wife if her·
husband gives her unreasonable correction. Surety of the
peace ought not to be granted to a man for fear of danger·
to his servant or cattle. It hath, however, been said that a
man may have the surety of the peace against one who·
threatens to hurt his wife or child." See authorities cited
in 3 Tomlin's Law Dict., Tit. Surety of the Peace.

It thus seems that except in the case of threatening to burn
the house of the complaining witness, which is in its charac-
ter a threat against personal security, the rule at the com-
mon law is that the threat for which sureties may be exact-
ed are those that refer to injuries to the person of the com-
plainant and his family. The ordinary civil and criminal
proceedings for injuries to property are deemed adequate
for its protection. In the present case the petitioner is im-
prisoned because he does not give security that he will not
do "injury to the schooner Minnie or anything appertaining·
to her." In our judgment this is not a lawful cause of im-

prisonment, and the Circuit Court erred in refusing either to discharge or to inquire into the merits of the charge as to the threats of personal injury.

In England, it is said that "even though the commitment be regular, the court will examine the proceedings, and if the evidence appear altogether insufficient, will admit the prisoner to bail; for the court will rather look to the depositions which contain the evidence than to the commitment, in which the justice may have come to a false conclusion." Hurd Hab. Corp., 427.

"Ordinarily, if the warrant be found invalid for the want of essential requisites or conditions, the prisoner will be entitled to be discharged. But this is not an invariable rule even where there is no statute to direct the action of the court or judge under the writ. Where the proofs upon which the committing magistrate acted have been certified up or otherwise properly presented to the court or officer hearing the *habeas corpus*, or the further proofs which may be adduced at the hearing where such further proofs are permitted, create a reasonable ground of suspicion of the prisoner's guilt of the crime specified, or any other, it has been held to be the duty of such court or officer, if invested with the power of a committing magistrate, not to discharge the prisoner absolutely, however defective the warrant may be, but to remand or commit him *de novo*." Hurd on Hab. Corp., Book II, Chap. 7, Sec. 11, and the large collection of authorities cited.

In this State, the Circuit Judges are invested with the authority of committing magistrates, and the statutes relating to *habeas corpus* give ample power to examine into the cause of the imprisonment, and to discharge, admit to bail or remand to custody, "as the law and the evidence shall require."

The judgment of the Circuit Court is reversed. The

cause is remanded with direction that further proceedings be had according to law.