M. R. WOOD, *Plaintiff in Error*, v. H. WHITAKER, SHERIFF OF ESCAMBIA COUNTY, FLORIDA, *Defendant in Error*.

Opinion Filed May 3, 1921.

1. The Eighteenth Amendment to the Federal Constitution is an innovation in the dual system of government under the Constitution of the United States. It extends the Federal power to intrastate control of intoxicating liquors for beverage purposes, and its prohibitions are in the nature of police regulations.

2. In order that its prohibitions may be made effective under any and all conditions that may arise and by one enforcing authority if the other fails, the Eighteenth Amendment expressly confers upon the Congress and the several States "concurrent power to enforce" its commands by appropriate legislation. This provision confers independent, equal and complete power upon each sovereignty within its jurisdiction and by its own laws to severally enforce all the paramount prohibitions.

3. While the State may enact and enforce incidental regulations and prohibitions of the possession of intoxicating liquors as a means to make prohibitions of the Eighteenth Amendment effective, yet as possession is not forbidden, but lawful possession is contemplated by the organic amendment, such incidental statutory prohibitions must not abridge rights conferred by Congress as to such possession, and within the Federal power.

4. Where State regulations and prohibitions of the possession of intoxicating liquors are in substantial accord with Federal laws on the subject, the State laws may be enforced within organic limitations.

5. As the express concurrent power of the Congress and the States to enforce the Eighteenth Amendment does not include concurrent power to define the subject-matter of the amendment, the definition of intoxicating liquors enacted by Congress is controlling to make the organic prohibitions effective wherever they are applicable.

6. The Eighteenth Amendment being paramount in its provisions, and the power it confers upon Congress and the States to enforce its prohibitions, being concurrent, *i. e.*, equal and separate power—State laws that are appropriate to enforce the *organic* prohibitions, are not excluded or superseded by the assertion of the Federal power in the premises.

7. Differences between State and Federal penalties for legally defined offenses of the same nature, do not invalidate the State law, since neither the Federal nor the State Constitu-

tion controls penalties *for offenses committed*, no question of due process or equal protection of the laws or of cruel or unusual punishment being involved. A wrong doer can not justly complain of the resulting statutory penalty, if it does not violate his organic rights.

8. While a State prohibition of a property right that is expressly permitted by Congress within the Federal power, may be invalid, yet a more severe punishment by the State than by the Federal power, for an *unlawful* act that either may penalize, is not illegal if due process and equal protection of the laws are not denied, and the punishment is not cruel or unusual, in violation of organic rights.

9. Under the statute a proper allegation in an information that the defendant unlawfully had intoxicating liquors in his possession, puts upon the defendant the burden of showing that his possession is lawful under exceptions contained in the statute.

A Writ of Error to the Court of Record for Escambia County; C. Moreno Jones, Judge.

Affirmed.

*Philip D. Beall,* for Plaintiff in Error;

*Van C. Swearingen,* Attorney General, and *D. Stuart Gillis, Assistant,* for the State.

WHITFIELD, J.—The Court of Record denied relief on *habeas corpus* from a charge that M. R. Wood, in Escambia County, Florida, on April 18, 1920, "unlawfully had in his possession, custody and control, alcoholic and intoxicating liquors" contrary to the statute, etc.; and that at said time and place he "unlawfully had in his possession five quarts of intoxicating liquor, contrary to

the statute," etc. A writ of error was allowed and duly taken. The judgment was affirmed without opinion. Wood v. Whitaker, Sheriff, 80 Fla. 563, 86 South. Rep. 351.

Other similar cases are this day disposed of by opinions, and this opinion is filed to show the propriety of the affirmance of the judgment in this case under various aspects of the law announced in the cases of Hall v. Moran, Burrows v. Moran, and Johnson v. State, this day decided.

The Eighteenth Amendment to the Federal Constitution is an innovation in the dual system of government under the Constitution of the United States. It extends the federal power to intrastate control of intoxicating liquors for beverage purposes, and its prohibitions are in the nature of police regulations. Being the paramount law in the premises, it restrains the operation of all other provisions of the Federal Constitution upon the subject-matter so far only as such other organic provisions are inconsistent with the latest amendment. It renders inoperative all State laws, organic or statutory, that are in conflict with its provisions. It prohibits the manufacture of and traffic in intoxicating liquors for beverage purposes, though it does not forbid the possession and lawful use of such liquors. It contemplates the possession and lawful use of such liquors legally acquired before the amendment became effective. In order that its prohibitions may be made effective under any and all conditions that may arise and by one enforcing authority if the other fails, the amendment expressly confers upon the Congress and the several States "concurrent power to enforce" its commands by appropriate legislation. This provision confers independent, equal and complete power upon each sovereignty within its jurisdiction and by its

own laws to severally enforce all the paramount prohibitions. Burrows v. Moran, this day decided.

The amendment contemplates its universal enforcement from its effective date; therefore, existing State laws that are appropriate may be used for that purpose.

While the State may enact and enforce regulations and prohibitions of the possession of intoxicating liquors as a means to make the organic prohibitions effective (See Baender v. Barnett, — U. S. —, 41 Sup. Ct. Rep. 271, February 28, 1921), yet as possession is not forbidden but contemplated by the amendment, such incidental statutory prohibitions must not abridge rights conferred by Congress as to such possession and within the Federal power. Where State regulations and prohibitions of the possession of intoxicating liquors are in substantial accord with Federal laws on the subject, the State laws may be enforced within organic limitations. While the Acts of Congress are not dominant where the State has express concurrent power, the State power is concurrent only as commanded by the Eighteenth Amendment. See 233 U. S. 671.

As the concurrent power to enforce does not include concurrent power to define the subject-matter of the amendment, the definition of intoxicating liquors enacted by Congress is controlling to make the paramount prohibitions effective wherever they are applicable.

The Eighteenth Amendment being paramount in its provisions, and the power it confers upon Congress and the States to enforce its prohibitions being concurrent, i. e., equal and separate power,—State laws that are appropriate to enforce the organic prohibitions are not excluded or superseded by the assertion of the Federal

power in the premises, as was properly held in Northern Pac. Ry. Co. v. North Dakota, 250 U. S. 135, 39 Sup. Ct. Rep. 502; Southern R. Co. v. Indiana Railroad Commission, 236 U. S. 439, 35 Sup. Ct. Rep. 304, and other like cases not controlled by the Eighteenth Amendment.

But the *express concurrent* power is not to enact and enforce *incidental statutory* prohibitions of the possession of the subject-matter to which the Federal power was extended by the Eighteenth Amendment; and while, in the absence of controlling Federal law, incidental prohibitions may be enacted and enforced under the implied or inherent powers of the State, to effectuate the organic prohibitions, yet when such State provisions conflict with rights expressly conferred by Acts of Congress within the scope of the Federal power, the latter is dominant under Article VI of the Federal Constitution, the State power as to such incidental statutory prohibtions not being expressly made concurrent. See Missouri, K. & T. Ry. Co. v. Haber, 169 U. S. 613, 18 Sup. Ct. Rep. 488.

Both the Federal and State statutes prohibit the possession of intoxicating liquors except as provided in the respective laws, but the exceptions are in conflict, and as such prohibitions are not expressly included in the Eighteenth Amendment, the State power is not concurrent, and the Federal statute as to the exceptions is dominant to exclude the exceptions contained in the State statute that conflict with Federal law.

The conflict between the Federal and State laws as to the quantity of intoxicating liquors that may lawfully be possessed in one's private dwelling for family purposes does not affect the validity of the State statute prohibiting such possession at other places than in one's

private dwelling or *bona fide* residence for lawful family purposes, since, as to such matter, the Federal and State laws are not in material conflict. In this case, an unlawful possession is alleged, which under the statute put upon the defendant the burden of showing a lawful possession. See Sec. 6, Chap. 7736, Acts 1918.

The fact that the State statute penalizes the unlawful possession of intoxiacting liquors by fine and imprisonment, while the Federal statute merely provides for a forfeiture of the liquors unlawfully possessed, does not render the State law ineffectual. See Burrows v. Moran, this day decided.

Differences between State and Federal penalties for legally defined offenses of the same nature do not invalidate the State law, since neither the Federal nor the State Constitution controls penalties *for offenses committed,* no question of due process or equal protection of the laws or of cruel or unusual punishment being involved. A wrong doer cannot justly complain of the resulting statutory penalty, if it does not violate his organic rights.

While a State prohibition of a property right that is expressly permitted by Congress within the Federal power, may be invalid, yet a more severe punishment by the State than by the Federal power, for an *unlawful* act that either may penalize, is not illegal if due process and equal protection of the laws are not denied, and the punishment is not cruel or unusual, in violation of organic rights.

The State statute contains the following provisions:
"That it shall be unlawful for any person, association of persons, or corporation, or any agent or employee of

any person, association of persons or corporation, to have in his, her, or its possession, custody or control, in this State, any alcoholic or intoxicating liquors or beverages, except as is hereinafter provided."

"That in any prosecution or other proceeding under any of the provisions of this Act, it shall not be necessary for the State or any officer, in pleading or by evidence, to negative the existence in point of fact any of the exceptions contained in Section Five hereof, but the existence of any such exceptions in point of fact shall be defensive matter in any such prosecution or other proceeding. And, in any such prosecution or other proceeding, it shall not be necessary for the State or any officer to allege or prove the particular name, kind, character or contents of any alcoholic or other intoxicating liquors or beverages, whether spirituous, vinous or malt, or other liquors or liquids, but it shall be sufficient to allege generally and to prove that the same is alcoholic or intoxicating liquors or beverages, or other liquors or liquids, within the prohibitions of this Act."

"That, when not otherwise herein specifically provided, any person, association of persons, or corporation, and any agent or employee of any person, association of persons, or corporation, who shall violate any of the foregoing provisions of this Act herein declared to be unlawful, or to be a misdemeanor, or which imposes a duty upon any officer or any person, shall upon conviction be deemed guilty of a misdemeanor, and punished by a fine not exceeding Five Hundred Dollars or by imprisonment in the county jail not exceeding six months, or by both such fine and imprisonment; and, when not otherwise herein specifically provided, any person, association of persons, or corporation, and any agent or em-

ployee of any person, association of persons, or corporation who, having previously been convicted as is hereinbefore in this section provided, shall subsequently violate any of the foregoing provisions of this Act herein declared to be unlawful, or to be a misdemeanor, or which imposes a duty upon any officer or person, shall upon conviction be deemed guilty of a felony and punished by a fine not exceeding Three Thousand Dollars, or by imprisonment in the State prison not exceeding three. years, or by both such fine and imprisonment. The imposition of sentence under the provisions of this section shall not prevent the forfeiture, destruction and sale as is herein provided in other sections of this Act. In counties where there is. not a Court of Record, Criminal Court of Record, or County Court, the County Judge's Court shall have exclusive jurisdiction of all criminal prosecutions for the first offense under this Act." Secs. 3, 6 and 18, Chap. 7736, Acts of 1918.

Under the above statutory provisions the charge in this case is sufficient to require the defendant to offer defensive matters if there are any to relieve him. He offerd none, therefore the remand to custody was proper, as in Burrows v. Moran, decided this day. See also Baender v. Barnett, — U. S. —, 41 Sup. Ct. Rep. 271, February 28, 1921.

Affirmed.

TAYLOR AND ELLIS, J. J., concur.

BROWNE, C. J., AND WEST, J., concur in conclusion.