TIMOTHY BURROWS, *Plaintiff in Error,* v. D. W. MORAN, SHERIFF OF DADE COUNTY FLORIDA, *Defendant in Error.*

## Opinion Filed May 3, 1921.

1. The Eighteenth Amendment is the supreme law of both the United States and the State governments. It specifically commands stated prohibitions and likewise commands that "the Congress and the several States shall have concurrent power to enforce this article by appropriate legislation."

2. The second section of the Eighteenth Amendment confers upon the Congress and the several States, each within its jurisdiction, power by its own enactments and procedure, to separately enforce the commanded prohibitions, such power in particular cases, to be exercised by either one, but by only one of the two sovereignties, to the end that violations of the specified organic prohibitions shall be redressed by one if the other fails to act, or by the first one to attain jurisdiction in any case.

3. The "appropriate legislation" to enforce the organic prohibitions of the Eighteeenth Amendment must conform to applicable provisions of organic law relative to property and liberty that are not modified by the Eighteenth Amendment as to the particular subjects.

4. While the Congress and the States may have implied or incidental power to define and enforce other propositions to make effective the organic mandate of the Eighteenth Amendment, yet such incidental power is to be exercised subject to other provisions of the Federal Constitution that are not controlled in their operation by the commands of the Eighteenth Amendment.

5. Where a statute in one section defines an offense and in another section states exceptions to the definition, such exceptions are defensive matters and need not be alleged in charging the offense.

6.  Where a judgment has legal basis in a valid statute, and the judgment is not for other reasons illegal or void, the defendant will not be discharged on habeas corpus.

A Writ of Error to the Circuit Court for Dade County; H. Pierre Branning, Judge.

Affirmed.

*Bart A. Riley* and *R. B. Gautier,* for Plaintiff in Error;

*Van C. Swearingen,* Attorney General, *D. Stuart Gillis* and *Worth W. Trammell,* Assistants, for the State.

WHITFIELD, J.—By information filed in the Criminal Court of Record for Dade County, Timothy Burrows was charged with having in his possession on June 15, 1920, in Dade County, Florida, "certain alcoholic and intoxicating liquors, to-wit: forty quarts of whiskey commonly known as Canadian Club," contrary to the State statute. The defendant was arraigned in open court and pleaded guilty, thereupon the court rendered the following judgment and sentence: "It is the sentence of the law and the judgment of the court that you, Timothy Burrows, having pleaded guilty to possession of liquor, be confined at hard labor in the county jail for a term of three months."

In *habeas corpus* proceedings the defendant was remanded to custody. Writ of error was allowed and taken.

Section 3 of Chapter 7736, Acts of 1918, is as follows: "That it shall be unlawful for any person, association of persons, or corporation, or any agent or employee of any person, association of persons, or corporation, to have in his, her, their, or its, possession, custody or control, in this

State, any alcoholic or intoxicating liquors or beverages, except as is hereinafter provided."

Section 5 of the Act as amended by Chapter 7890, Acts of 1919, contains the following: "And nothing contained in this Act shall be construed to make it unlawful for any person over the age of twenty-one years to possess, have in custody, or control, in such person's bona fide residence for the personal use of himself or herself and family, and not to be disposed of to any other person in any way, not exceeding four quarts of distilled alcoholic or intoxicating liquors or beverages and twenty quarts of malt or fermented alcoholic or intoxicating liquors or beverages, either or both; provided, however, that such person obtained and had in his possession said liquors before this Act became a law, but this shall not be construed to permit any such person to possess, have in custody or control more than the maximum quantity of the particular class of liquors herein mentioned."

Since January 16, 1920, the Eighteenth Amendment to the Federal Constitution is the paramount law on the subject of the manufacture of and traffic in intoxicating liquors for beverage purposes.

Section 1 of the amendment prohibits the production of and traffic in intoxicating liquors for beverage purposes, without reference to previous State and Federal powers. The second section expressly commands that "the Congress and the several States shall have concurrent power to enforce this article by appropriate legislation."

The principle of concurrent power in two sovereignties is not new. Under its dominant power to regulate interstate and foreign commerce Congress has conferred upon the State and Federal courts concurrent jurisdiction.

Walsh v. New York, N. H. & H. R. Co., 223 U. S. 1, 32 Sup. Ct. Rep. 169; Pennsylvania R. Co. v. Puritan Coal Min. Co., 237 U. S. 121, 35 Sup. Ct. Rep. 484. Such jurisdiction is not dominant or dependant in *either* court, though the law being enforced is dominant. The power is concurrent or co-ordinate, equal, complete and separate jurisdiction in *each court* to enforce a Federal *law* that is dominant in either court. Rickey Land & Cattle Co. v. Wood, 218 U. S. 258, 31 Sup. Ct. Rep. 11.

Under its commerce power, Congress may confer upon adjoining acquiescing States "concurrent jurisdiction" or power to enforce their respective appropriate law *on the waters* of a boundary river without reference to the exact territorial boundary line on the land under the waters. This particular concurrent jurisdiction or power is separate, equal, co-ordinate power of adjoining sovereignties to enforce their respective laws, not the laws of a paramount authority. It has reference to a sovereignty's authority beyond its territorial limits and to matters not peculiarly within the province of another sovereignty. The compact between the States with the consent of Congress controls the nature and extent of ·the concurrent jurisdiction. State v. Cunningham, 102 Miss. 237, 59 South. Rep. 76; Wedding v. Mayler, 192 U. S. 573, 24 Sup. Ct. Rep. 322; Neilson v. State of Oregon, 212 U. S. 315, 29 Sup. Ct. Rep. 383; Sanders v. St. Louis & N. O. Anchor Line, 97 Mo. 26, 10 S. W. Rep. 595, 3 L. R. A. 390; Roberts v. Fullerton, 117 Wis. 222, 93 N. W. Rep. 1111; 7 R. C. L. 1066; Nicoulin v. O'Brien, 248 U. S. 113, 39 Sup. Ct. Rep. 23; Nicoulin v. O'Brien, 172 Ky. 473, 189 S. W. Rep. 724; J. S. Keater Lumber Co. v. St. Croix Corp., 72 Wis. 62, 38 N. W. Rep. 529. See also Olin v. Kitzmiller, 268 Fed. Rep. 348.

The Eighteenth Amendment is the supreme law of both the United States and the State governments. It specifically commands stated prohibitions and likewise commands that "the Congress and the several states shall have concurrent power to enforce this article by appropriate legislation."

This express concurrent power is not controlled within its field of operation by other organic provisions, but that field is expressly limited to the enforcement of the paramount organic prohibitions "by appropriate legislation." There is thus conferred upon two distinct sovereignties, each within its jurisdiction, power by its own enactment and procedure, to separately enforce the commanded prohibitions, such power in particular cases to be exercised by either one, but by only one of the two sovereignties, to the end that violations of the specified prohibitions shall be redressed by one if the other fails to act, or by the first one to attain jurisdiction in any case. This construction gives harmonious, natural and logical effect to every word of the Eighteenth Amendment, and makes effective enforcement of the paramount prohibitions practicable and universal in every portion of the United States, without conflicting with any provision or principle of organic law except as is designed to be done by the adoption of the Eighteenth Amendment.

The "appropriate legislation" to enforce the organic prohibitions of the Eighteenth Amendment must conform to applicable provisions of organic law relative to property and liberty that are not modified by the Eighteenth Amendment as to the particular subjects.

While the Congress and the States may have implied or incidental power to define and enforce other prohibitions to make effective the organic mandate of the

Eighteenth Amendment, yet such incidental power is to be exercised subject to other provisions of the Federal Constitution that are not controlled in their operation by the commands of the Eighteenth Amendment. See Baender v. Barnett, — U. S. —, 41 Sup. Ct. Rep. 271, February 28, 1921.

In order to redress violations of the organic prohibitions, statutes, whether State or Federal, need only provide penalties and procedure to impose them. Incidental prohibitions and regulations, Federal or State, must be defined as well as enforced through enactments. In both cases the statutes, State and Federal, must not invade organic personal and property rights except as such rights are controlled by the Eighteenth Amendment. Concurrent power does not extend to incidental prohibitions and regulations where the operation of other provisions of the Federal Constitution may make the power of Congress dominant or exclusive.

While the State has concurrent power with Congress to enforce the commanded prohibitions of the Eighteenth Amendment, the State may not have concurrent power to forbid and penalize the mere possession of intoxicating liquors, unconnected with the violations of the organic prohibitions.

Both the State and the Federal Enforcement Statutes forbid and penalize the possession of intoxicating liquors except as stated in the respective Acts. The Federal Act expressly permits, without limit as to quantity, such possession by a person in his or her private dwelling for family purposes. The State statute expressly permits the possession by an adult person in his or her *bona fide* residence for family purposes, not exceeding stated limited

quantities. In so far as the particular State provision abridges the privilege that is expressly conferred by Congress as to the quantity that may be lawfully possessed in one's private dwelling or *bona fide* residence for family purposes, the State provision is inoperative, provided the liquors were legally acquired before the Eighteenth Amendment became effective, and are for only lawful purposes. Hall v. Moran, decided this term.

In so far as the State statute forbids and penalizes the possession of intoxicating liquors except when such liquors are possessed in one's *bona fide* residence for family purposes, when the liquors were lawfully acquired and are not unlawfully used, the enactment is in substantial accord with the Federal law, and is not rendered inoperative by the Eighteenth Amendment or by the Volstead Act of Congress. The provision of the statute limiting the quantity of intoxicating liquors that may be lawfully possessed in one's private dwelling for family purposes, being in conflict with the Volstead Act in a matter as to which the latter is dominant, the State provision is inoperative. This, however, does not affect the validity and efficacy of the general provision penalizing the possession of intoxicating liquors by persons at other places than in their *bona fide* residence for family purposes, as to which the Federal and State statutes are in substantial accord, and no rights therein are expressly conferred by the Federal law.

In this case the charge is that the defendant had in his possession intoxicating liquors in a stated quantity, contrary to the State statute. It is not alleged that the possession was not lawfully acquired or was not at the defendant's residence or dwelling for family purposes. But unlawful acquisition and possession in one's resi-

dence in excess of a stated quantity are not elements of the offense as defined.

The prohibition of the possession of intoxicating liquors is in one section of the Act, and the exception to the general prohibition is in another distinct section of the Act. This makes the exception defensive matter, and does not render the information insufficient as a matter of pleading or of substantive law.   Sec. 6, Chap. 7736, Acts 1918; Crooke v. Van Pelt, 76 Fla. 20, 79 South. Rep. 166; Butler v. Perry, 67 Fla. 405, 66 South. Rep. 150; Baeumel v. State, 26 Fla. 71, 7 South. Rep. 371; *Ex Parte* Ramsey, 265 Fed. Rep. 950.

Under the statute it was not necessary to allege that the possession charged to be unlawful was illegally acquired or that the liquors were for an unlawful purpose. See Sec. 6, Chap. 7736, Acts 1918.

The defendant pleaded guilty and apparently offered nothing to show that his possession was in fact legal under the dominant law.   Consequently, the plea of guilty gave to the statute its full force on an allegation of an illegal act under the general provision making possession unlawful, and the defendant did not adduce evidence under a separate exception in the statute that would show him not guilty.   If the possession was lawful under an exception in the statute, it was incumbent on the defendant to show it by evidence.   Wood v. Whitaker, this day filed.   See also Baender v. Barnett, — U. S. —, 41 Sup. Ct. Rep. 271, February 28, 1921.

The information is not so defective as not to show the nature or cause of the accusation or as to embarrass the defendant in concerting his defense if he had one under the law.   The plea of guilty indicates that he had no

defense to a charge of the unlawful possession of intoxicating liquors. The allegation as to the intoxicating character of the whiskey is sufficient. See Sec. 6, Chap. 7736, Acts of 1918; Wood v. Whitaker and Johnson v. State, this day decided.

In the case of Hall v. Moran, this day decided, it was expressly stipulated by the State that the possession was by the defendant at his residence; and while the quantity possessed violated the State law, the operation of the State law was restrained by the Federal law that, under the Fourteenth Amendment, was dominant, the Eighteenth Amendment not controlling the particular statutory prohibiton of possession.

There is nothing in the record to indicate that the possession sufficiently charged to be unlawful was in fact legal under exceptions that are protected by the dominant law. See Baender v. Barnett, 41 Sup. Ct. Rep. 271.

The plea of guilty without more gives effect to the charge of unlawful possession.

Affirmed.

TAYLOR AND ELLIS, J. J., concur.

BROWNE, C. J., AND WEST, J., concur in conclusion.