W. C. SPOONER,. AS SUPERINTENDENT OF THE DUVAL COUNTY PRISON CAMP, *Plaintiff in Error*, v. RALPH CURTIS, *Defendant in Error*.

Opinion Filed April 11, 1923.

Petition for Rehearing Denied June 14, 1923.

1. It· was not essential for an information to specifically allege that the possession of intoxicating liquors charged was "unlawful" where it is alleged that the possession was "contrary to the form of the statute in such case made and provided."

2. The Volstead Act of Congress enacted under the Eighteenth Amendment, does not supersede State statutes relative to the possession of intoxicating liquors, and the operation of the Volstead Act does not control State statutes regulating the possession of intoxicating liquors except that in so far as the

Federal Act expressly permits the possession of intoxicating liquors in the *bona fide* residence of a person where such liquors were lawfully obtained and are used only for the family purposes stated in the Federal Act, the State is by the Fourteenth Amendment forbidden to abridge the privilege expressly conferred by the Federal law.

3. An information alleging that the defendant did "have in his possession in Duval County, Florida, intoxicating liquors, he the said Ralph Curtis not then and there having the possession of said intoxicating liquors in the bona fide residence of him the said Ralph Curtis, contrary," etc., is a sufficient allegation of the statutory offense of unlawful possession of intoxicating liquors; and exceptions in the statute where possession is not unlawful are matters of defense.

4. Where an information does not wholly fail to state an offense under a valid statute, habeas corpus is not available.

A Writ of Error to the Circuit Court for Duval County; Daniel A. Simmons, Judge.

Reversed.

*M. M. Scarborough, Rivers Buford,* Attorney General, and *J. B. Gaines,* Assistant, for Plaintiff in Error.

No appearance for Defendant in Error.

WHITFIELD, J.—Ralph Curtis was convicted in the Criminal Court of Record for Duval County upon an information charging "that Ralph Curtis, of the County of Duval and State of Florida, on the twenty-seventh day of December in the year of our Lord, one thousand nine hundred and twenty-one in the County and State aforesaid. Did then and there have in his possession in Duval County, Florida, intoxicating liquors, he, the said Ralph Curtis

not then and there having the possession of said intoxicating liquors, in the bona fide residence of him the said Ralph Curtis, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State of Florida."

The sentence was fine or imprisonment and on *habeas corpus* proceedings before the Circuit Judge, Curtis was discharged from custody, on the theory that the "information fails to charge the violation of any law." A writ of error was allowed and taken by the officer under the statute.

The statute provides: "That it shall be unlawful for any person, association of persons, or corporation, or any agent or employee of any person, association of persons, or corporation, to have in his, her, their, or its possession, custody or control, in this State, any alcoholic or intoxicating liquors or beverages, except as is hereinafter provided;" and "that in any prosecution or other proceeding under any of the provisions of this Article, it shall not be necessary for the State or any officer, in pleading or by evidence, to negative the existence in point of fact any of the exceptions contained in Sections 5462, 5463, 5464, 5465, 5466 and 5467, hereof, but the existence of any such exceptions in point of fact shall be defensive matter in any such prosecution or other proceeding. And, in any such prosecution or other proceeding, it shall not be necessary for the State or any officer to allege or prove the particular name, kind, character or contents of any alcoholic or other intoxicating liquors or beverages, whether spirituous, vinous or malt, or other liquors or liquids, but it shall be sufficient to allege generally and to prove that the same is alcoholic or intoxicating liquors or beverages, or other liquors or liquids, within the prohibitions of this Article." Secs. 5460 and 5468 Rev. Gen. Stats. 1920.

It was not essential to specifically allege that the possession of intoxicating liquors charged was "unlawful" where it is alleged that the possession alleged was "contrary to the form of the statute in such case made and provided." See Steffanos v. State, 80 Fla. 309, 86 South. Rep. 204.

The Volstead Act of Congress enacted under the Eighteenth Amendment, does not supersede State statutes relative to the possession of intoxicating liquors and the operation of the Volstead Act does not control State statutes regulating the possession of intoxicating liquors except that in so far as the Federal Act expressly permits the possession of intoxicating liquors in the *bona fide* residence of a person where such liquors were lawfully obtained and are used only for the family purposes stated in the Federal Act, the State is by the Fourteenth Amendment forbidden to abridge the privilege expressly conferred by the Federal law. Hall v. Moran, 81 Fla. 706, 89 South. Rep. 104; Vigliotti v. Commonwealth of Pennsylvania, 258 U. S. 403, 43 Sup. Ct. Rep. 338, 66 L. Ed. 686.

In this case the allegation is that the defendant did "have in his possession in Duval County, Florida, intoxicating liquors, he the said Ralph Curtis not then and there having the possession of said intoxicating liquors in the bona fide residence of him the said Ralph Curtis, contrary," &c. Under the State statute above quoted this is a sufficient allegation of the offense of unlawful possession of intoxicating liquors; and whether the possession was permitted by any of the exceptions named in the statute is "defensive matter," that must be shown by the defendant. Sec. 5468 Rev. Gen. Stats. 1920; Wood v. Whitaker, 81 Fla. 653, 89 South. Rep. 118; Burrows v. Moran, 81 Fla. 662, 89 South. Rep. 111; Butler v. Perry, 67 Fla. 405, 66

South. Rep. 150; Crooke v. Van Pelt, 76 Fla. 20, 79 South. Rep. 166; McKelvey v. United States, — U. S. —, 43 Sup. Ct. Rep. 132; United States v. Cook, 17 Wall. (U. S.) 168. See Beauder v. Barnett, 255 U. S. 224.

The statute makes it unlawful to have the ''possession, custody or control'' of ''intoxicating liquors.'' The information charges the ''possession'' of ''intoxicating liquors,'' as an ultimate fact. This is sufficient to charge an offense, in view of all the provisions of the statute; and it is adequate to advise the defendant of ''the nature and cause of the accusation againnst him.'' Sec. 11, Declaration of Rights. 255 U. S. 224.

The information does not wholly fail to state an offense under the statute, and the petitioner in the Circuit Court should have been remanded. Wood v. Whitaker, *supra;* Burrows v. Moran, *supra;* Johnson v. State, 81 Fla. 783, 89 South. Rep. 114. See also *In re.* Robinson, 73 Fla. 1068, 75 South. Rep. 604; Dukes v. State, 81 Fla. 247, 88 South. Rep. 474; Foxworth v. Law, 77 Fla. 596, 82 South. Rep. 55; Griswold v. State, 77 Fla. 505, 82 South. Rep. 44; Crooke v. Van Pelt, 76 Fla. 20, 79 South. Rep. 166.

Reversed.

TAYLOR, C. J., AND ELLIS, BROWNE AND WEST, J. J., concur.