HOWARD CARROLL, *Plaintiff in Error,* v. J. R. MERRITT, SHERIFF OF ST. LUCIE COUNTY, FLORIDA, AND ROBERT HAYES, *et al., Defendants in Error.*

En Banc.

Opinion Filed May 11, 1926.

Petition for rehearing denied June 30, 1926.

894

*Abbott & Gaulden,* for Plaintiff in Error;

*J. B. Johnson,* Attorney General, and *M. C. McIntosh,* Assistant, for Defendants in Error.

WHITFIELD, P. J.—In *habeas corpus* proceedings in the Circuit Court, it appears that Howard Carroll was convicted in the County Court for St. Lucie County, and on September 27, 1924, was sentenced to pay a fine of $500.00 and to six months imprisonment in the county jail. It does not appear that the sentence of fine *and* imprisonment was imposed because of Chapter 9266, Acts of 1923. See Porter v. State decided April 20, 1926.

An appeal to the Circuit Court was filed, returnable December 15, 1924. On April 15, 1925, the appeal was dismissed upon motion, the ground being that the appeal had not been perfected as required by law.

The return to the writ of *habeas corpus* was that the petitioner was held under a commitment issued from the county court. The commitment is a certified transcript of the minutes of the conviction and sentence. Sec. 6120, Rev. Gen. Stats. 1920. The order of the Circuit Judge was

that "Howard Carroll be remanded to custody." Writ of error was allowed and taken to this court.

The information upon which the conviction was had charges "that Howard Carroll and Wilton Dalton, late of the County of St. Lucie and State of Florida, on the 8th day of June, in the year of our Lord one thousand nine hundred and twenty-four in the County and State aforesaid, did then and there, unlawfully, have in their possession, custody and control 182 bottles of beer and 85 quarts of alcoholic and intoxicating liquors, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State of Florida."

The contention is that the information "fails to state any offense," because it does not allege that the possession was *for the purpose of sale,* and because it does not negative exceptions contained in other sections and statutes than the section which defines the offense charged.

Chapter 9266, purporting to amend Section 5486, Revised General Statutes of 1920, referred to in support of the above contention has been adjudicated to be unconstitutional and inoperative, therefore, Section 5486, Revised General Statutes of 1920, remains in force. See Porter v. State, decided April 20, 1926.

The controlling statutes are as follows:

"That it shall be unlawful for any person, association of persons, or corporation, or any agent or employee of any person, association of persons, or corporation to have in his, her, their, or its possession, custody or control, in this State, any alcoholic or intoxicating liquors or beverages, except as is hereinafter provided." Sec. 5460.

"Nothing contained in this Article shall be construed to make it unlawful for any person over the

age of twenty-one years to possess, have in custody, or control, in such person's bona fide residence for the personal use of himself or herself and family, and not to be disposed of to any other person in any way, not exceeding four quarts of distilled alcoholic or intoxicating liquors or beverages and twenty quarts of malt or fermented alcoholic or intoxicating liquors or beverages, either or both; provided, however, that such person obtained and had in his possession said liquors before this Act became a law, but this shall not be construed to permit any such person to possess, have in custody or control more than the maximum quantity of the particular class of liquors herein mentioned.'' Sec. 5467.

''In any prosecution or other proceeding under any of the provisions of this Article, it shall not be necessary for the State or any officer, in pleading or by evidence, to negative the existence in point of fact any of the exceptions contained in Sections 5462, 5463, 5464, 5465, and 5467, hereof, but the existence of any such exceptions in point of fact shall be defensive matter in any such prosecution or other proceeding. And, in any such prosecution or other proceeding, it shall not be necessary for the State or any officer to allege or prove the particular name, kind, character or contents of any alcoholic or other intoxicating liquors or beverages, whether spirituous, vinous or malt, or other liquors or liquids, but it shall be sufficient to allege general and to prove that the same is alcoholic or intoxicating liquors or beverages, or other liquors or liquids, within the prohibition of this Article.'' Sec. 5468.

"That upon the trial of any person charged
with having in his possession any intoxicating
liquor in violation of law, and there shall be evi-
dence that intoxicating liquors were in possession
of the accused, the presumption shall be that such
liquors were unlawfully acquired and possessed
by the accused; and if the accused shall claim as a
defense that such liquors which he may be charged
with having in his possession unlawfully, were law-
fully acquired and were in his private dwelling
house for use only for the personal consumption
of the accused or of his or her family residing in
such dwelling house and of his bona fide guests
when entertained by him therein, and not for sale,
barter or exchange, the burden of proof that such
liquor was so unlawfully acquired, possessed and
used shall be upon the accused." Sec. 1, Chap.
9267, Acts of 1923.

The offense defined in Section 5460, Revised General
Statutes, 1920, is complete in itself, and the exceptions and
provisos contained in other sections or statutes need not be
negatived in the information or indictment since they are
matters of defense. See Burrows v. Moran, 81 Fla. 662,
89 South. Rep. 111; Butler v. Terry, 67 Fla. 405, 66 South.
Rep. 150; Crooke v. Van Pelt, 76 Fla. 20, 79 South. Rep.
166; Beaumel v. State, 26 Fla. 71, 7 South. Rep. 371; 31
C. J. 720; United States v. Behrman, 258 U. S. 280, 42 Sup.
Ct. 303, 260 U. S. 353.

The information charges that the accused unlawfully had
in their possession alcoholic intoxicating liquors, which
stated an offense under Section 5460, Revised General
Statutes; and under the general law relating to indictments
as well as under the provisions of Section 5468, Revised
General Statutes, it was not necessary to allege the ex-

ceptions contained in other sections or other statutes. The information is sufficient as against a writ of *habeas corpus* even if it be imperfect in form. The sentence does not provide for imprisonment upon default in payment of the fine and costs as required by Section 6115, Revised General Statutes, but·it does not appear that the time of imprisonment imposed by the sentence has expired.

The proceedings at the trial are not before us on this writ.

If there was error in the order of the Circuit Court dismissing the appeal taken from the judgment of the county court, it is not remediable on this writ.

Affirmed.

BROWN, C. J., AND ELLIS, TERRELL AND STRUM, J. J., AND LOVE, Circuit Judge, concur.

BUFORD, J., disqualified.

## Division B.

## On Rehearing.

PER CURIAM.—The sentence imposed is valid under Section 5486, Revised General Statutes of 1920, notwithstanding the invalidity of Chapter 9266, Acts of 1923.

The statute makes it a criminal offense to have the possession, custody or control of alcoholic or intoxicating liquors or beverages except as allowed in other sections of the statute. Sec. 5460, Rev. Gen. Stats., 1920. This statute is not superseded by the Federal law and does not violate the Federal or State Constitution.

The provisions of the Volstead Act, that intoxicating liquors lawfully acquired may be lawfully possessed in

one's private dwelling, does not affect the rules of pleading and evidence in prosecutions for violations of the State prohibition statutes.

No application was made to enforce rights under an alleged supersedeas pending a decision of the cause on writ of error.

Docket entries do not control the legal effect of a judgment rendered by the court and entered by the clerk under the direction of the court. A judgment entered in the minutes of the court by the clerk under the authority of the court or the judge thereof, is the judgment of the court.

Rehearing denied.

BROWN, C. J., AND WHITFIELD, ELLIS, TERRELL AND STRUM, J. J., AND LOVE, Circuit Judge, concur.

BUFORD, J., not participating.