D. C. BASS, *Plaintiff in Error*, v. L. W. DOOLITTLE, SHERIFF OF BREVARD COUNTY, *Defendant in Error*.

### Division A.

### Opinion Filed May 4, 1927.

1. A charge that the accused "unlawfully" had in his possession described alcoholic or intoxicating liquors "contrary to the statute in such cases made and provided" sufficiently states an offense as against an attack by writ of *habeas corpus*, even if such charge be imperfect in form.

2. As a means of testing the sufficiency of a charge against an accused, the writ of *habeas corpus* will avail only when the act charged as an offense does not constitute a crime under

the laws of the State or the charge wholly fails to state an offense. Inartificiality in pleading will not avail.

3. In a prosecution for unlawful possession of intoxicating liquor, if the possession thereof by the accused was a lawful purpose or under lawful circumstances, those matters are matters of defense. It is not essential that they be negatived in the charge.

4. In a criminal prosecution in the County Judge's Court, the marginal statement of the charge against the accused as it appears in the caption of the cause as entered on the criminal docket, as well as the verdict of guilty rendered in such prosecution, may be aided by and should be interpreted with reference to the formal charge contained in the affidavit and warrant upon which the accused is tried, and the judgment should be construed in connection with and with reference to the charge contained in such affidavit and the proceedings had thereon.

A Writ of Error to the Circuit Court of Brevard County; Hon. W. W. Wright, Judge.

Affirmed.

*Alto Adams,* of Fort Pierce, for Plaintiff in Error;

*J. B. Johnson,* Attorney General, and *Roy Campbell,* Assistant Attorney General, for Defendant in Error.

STRUM, J.—This writ of error was allowed and taken to a judgment entered in a *habeas corpus* proceeding remanding the petitioner to custody for proper sentence.

To the writ of *habeas corpus* the respondent Sheriff returned that he held the body of petitioner under authority of the following commitment issue out of and under the seal of the County Judge's Court for Brevard County:

"IN THE JUDGE'S COURT, BREVARD COUNTY, STATE OF FLORIDA.

STATE OF FLORIDA v. D. C. BASS.

IN THE NAME OF THE STATE OF FLORIDA, TO THE SHERIFF OR ANY CONSTABLE OF SAID COUNTY:

Whereas, in this Court D. C. Bass was upon the 14th day of April, A. D. 1926, tried and convicted of the offense of having in his possession alcholic liquor; and

Whereas, on the 14th day of April, A. D. 1926, he, the said D. C. Bass, was sentenced by this Court as follows, to-wit: 500.00 costs & 6 months & in default of payment of fine 3 additional months.

You are therefore commanded forthwith to convey the said D. C. Bass to the County Jail of said County and deliver him to the keeper thereof, who is hereby required to receive the said D. C. Bass into said jail and safely keep him until the judgment of this Court is satisfied or he be thence discharged by due course of law.

Given under my hand and seal this 14 day of April, A. D. 1926."

In support of his contention that he is unlawfully detained, the petitioner, plaintiff in error here, urges, first, that he was not charged with the "unlawful" possession of whiskey, but merely with the "possession of whiskey," and since the possession of alcoholic or intoxicating liquors under certain circumstances and for certain purposes is lawful under our statutes, the charge of mere "possession" of such liquors wholly fails to constitute a charge of criminal offense. See Joiner v. State (Fla.), 109 South. Rep.

807. The offense for which petitioner was tried was designated in the caption of the cause as it appears on the criminal docket of the trial court, and in the foregoing commitment, as "possession of whiskey." But the affidavit which constitutes the charge against him, and upon which he was tried, charges that on a named date "D. C. Bass (the petitioner) did then and there 'wilfully unlawfully' have in his possession or control a certain quantity of alcoholic or intoxicating liquors or beverages, to-wit: 12 pints of Canadian Special Whiskey; 4 quarts of Canadian Special Whiskey, contrary to the statute in such cases made and provided and against the peace and dignity of the State of Florida."

Upon trial under said charge, upon a plea of not guilty, the verdict was "guilty." Following that verdict the County Judge pronounced judgment upon petitioner, and the commitment in question was issued forthwith.

We have held several times that a charge in substantially the foregoing language, containing as it does the charge that such possession was "unlawful" and "contrary to the statute in such cases made and provided," etc., sufficiently states an offense as against an attack by writ of *habeas corpus,* even if such charge be imperfect in form. Carroll v. Merritt (Fla.), 109 South. Rep. 630; Spooner v. Curtis, 85 Fla. 408; 96 South. Rep. 836. The essential difference between the charge in this case and in the case of Joiner v. State, *supra,* is patent. As a means of testing the sufficiency of a charge against an accused the writ of *habeas corpus* will avail only when the act charged as an offense does not constitute a crime under the laws of the State or the charge wholly fails to state an offense. Inartificiality in pleading will not avail. White v. Penton (Fla.), 110 South. Rep. 533; Spooner v. Curtis, *supra;* In re: Robinson, 73 Fla. 1068, 75 South. Rep. 604. If the possession by the peti-

tioner of the whiskey was for a lawful purpose or under lawful circumstances, those matters are matters of defense. It is not essential that they be negatived in the charge. Spooner v. Curtis, *supra;* Carroll v. Mrritt, *supra.*

Petitioner's second contention is that his detention is illegal because "the minutes of the County Judge's Court from whence the commitment issued did not show any record of conviction or sentence recorded in the minutes of said court." Petitioner therefore insists that the Sheriff's return to the writ of *habeas corpus* "failed to show any basis for the issuing of the commitment" within the holding of this court in Wade v. Coniers, 109 South. Rep. 453.

The situation here presented differs essentially from that before the Court in Wade v. Coniers, *supra.* In that case the prosecution was had in the County Court. What was said therein necessarily has reference to a commitment issued out of that court. By Section 3331, Revised General Statutes 1920, County Courts are required to keep "minute books, bench dockets, bar and motion dockets, and judgment and execution dockets, which shall be kept in the same manner as such dockets are kept for the Circuit Court." In Wade v. Coniers, "it was shown that the commitment was issued (out of a County Court) by a Deputy Clerk on the oral request of the Prosecuting Attorney." It was further shown "by both the Clerk of the County Court and the Deputy Clerk that there was no record in the minutes of the County Court of the judgment of conviction or of sentence." It further appeared "that there was *no record* of any order or judgment made by the Court." It was upon that state of affairs that this Court held that "the return (to the writ of *habeas corpus*) failed to show any basis for the issuing of the commitment" which was there relied on as authority for the prisoner's detention.

It is provided by Sec. 6001 that "the County Judge shall

have and exercise such criminal jurisdiction as is held and exercised by the Justices of the Peace, except that his territorial jurisdiction shall extend throughout the County." It is provided by Sec. 3350 that the County Judge "shall keep separate dockets for all causes brought before him in his jurisdiction concurrent with that of a Justice of the Peace". Although it is provided by Sec. 3337 "that County Judge's Courts shall be courts of record", the Statute requires only the keeping of "separate dockets for all causes brought before him". The Statute does not specifically require the keeping of a minute book in the Court.

The evidence before us on this record shows that a "criminal docket" was kept by the County Judge's Court which contains or properly refers to all essential record data with respect to the charge against petitioner, and of his trial and conviction. The criminal docket shows the title of the cause, the names of the attorneys, and a memorandum of the nature of the charge, which is stated in the caption of cause to be "possession of whiskey". The criminal docket further shows that an affidavit of H. T. Williams was taken Feburary 8, 1926, upon which a warrant was issued on February 8, 1926; that the defendant was brought before the court on April 14, 1926, arraigned and pleaded not guilty; that certain whiskey was introduced in court and identified as whiskey by a witness; that a search warrant was filed in evidence without objection; that a jury was demanded and obtained; that H. T. Williams and J. T. Pirtle were sworn and testified as witnesses on behalf of the State; that there was a verdict of guilty; and that the judgment of the court was "judgment 500.00 & costs & 6 months and 3 additional months in default of fine"; all of which is authenticated by the signature and seal of the County Judge. Appended to the same is the statutory bill of costs. Consequent upon the proceedings thus

evidenced by the criminal docket, a record book required to be kept by the statute, the commitment in question was issued. The charge as stated in the caption of the cause as it appears on the criminal docket is "possession of whiskey" but that statement of the charge is not the exclusive or controlling record evidence or statement of the formal charge. It is merely a reference to the formal charge, which is contained in the affidavit of February 8, 1926, hereinabove quoted, upon which the petitioner was tried, which affidavit charges an offense sufficient against this form of attack. The marginal statement of the charge in the caption of the cause as it appears on the criminal docket, as well as the verdict of guilty, may be aided by and should be interpreted with reference to the formal charge contained in the affidavit aforesaid, and the judgment should be construed in connection with and with reference to the charge contained in the affidavit and the proceedings had thereon. See O'Neal v. State, 54 Fla. 96, 44 South. Rep. 940; Thomas v. State, 74 Fla. 200, 76 South. Rep. 780, and cases cited; also Taylor v. Brandon, 35 Fla. 297, 17 South. Rep. 552, 39 L. R. A. 362, 48 Am. St. Rep. 249; Theisen v. Whiddon, 60 Fla. 273, 53 South. Rep. 642; Seaboard Air Line Ry. Co. v. Nims, 61 Fla. 420, 54 South. Rep. 779. See also Ballard v. State, 112 So. 47.

Other contentions made by the petitioner have been examined and found without merit. In the proceeding by which the petitioner was tried and convicted, we find no illegality which would entitle the petitoner to relief by *habeas corpus* against the verdict of guilty or against his detention under the warrant issued upon the affidavit hereinabove referred to. Although the judgment pronounced by the court is ambiguous and incorrectly entered, that circumstance does not affect the proceedings down through the verdict of guilty. In rendering judgment upon a verdict of guilty, it is the better practice for the

court to adjudge the defendant to be guilty of the offense found in the verdict, followed by a pronouncement of the sentence imposed, all of which should be entered in the appropriate record book of the court in clear and certain terms, avoiding the use of confusing abbreviations and symbols in the language employed.

The judgment of the Court remanding the petitioner to custody for proper sentence by the County Judge of Brevard County, is affirmed.

ELLIS, C. J., AND BROWN, J., concur.

WHITFIELD, P. J., AND TERRELL AND BUFORD, J. J., concur in the opinion.