Within their authority, officers may enforce the law that is applicable to the facts of the case; and to act without supporting appropriate facts would be to enforce the individual will, not the law.
The writ of habeas corpus has been used in this State to release a person held under a commitment issued on a preliminary hearing before a county judge acting as a committing magistrate, where the evidence wholly failed to sustain the charge on which the commitment was made. See Exparte Brandau, 26 Fla. 142, 7 So.2d Rep. 528. See also Exparte Eagan, 18 Fla. 194; Ex parte Harfourd, 16 Fla. 283; 29 C. J. 63.
The writ of habeas corpus is more far reaching in such classes of cases for the reasons that committing magistrates are courts of inferior and limited jurisdiction and that no appeal or writ of error lies from their commitment. See Bronk v. State, 43 Fla. 461, text 471, 31 So.2d Rep. 248. In State v. Vaszuez, 49 Fla. 126, 38 So.2d Rep. 820, the petitioner was held upon an information filed in the Criminal Court of Record. In White v. Penton, Sheriff, 92 Fla. 837, 110 So.2d Rep. 533, the sufficiency of the charge as made and the validity of the statute were presented for determination. See Ex parte Prince,27 Fla. 196, 9 So.2d Rep. 659; In re Robinson, 73 Fla. 1068, 75 So.2d Rep. 604; Spooner v. Curtis, 85 Fla. 408, 96 South. Rep. 836; Ex parte Knight 52 Fla. 144, 41 So.2d 786; Harper v. Galloway, 58 Fla. 255, 51 So.2d 266, 26 L. R. A. (N. S.) 749 N, 19 Ann. Cas. 235; Lewis v. Nelson, 62 Fla. 71, 56 So.2d 436.
The statute provides that on habeas corpus the court shall either discharge, admit to bail or remand to custody *Page 736f 
"as the law and the evidence shall require." Sec. 3577, Rev. Gen. Stats. 1920; Ex parte Harfourd, supra.
The Constitution of this State provides for the election of Justices of the Peace and defines their jurisdiction as trial courts, and confers upon each Justice of the Peace "power to issue process for the arrest of all persons charged with felonies and misdemeanors not within his jurisdiction to try, and make the same returnable before himself or the county judge for examination, discharge, commitment or bail of the accused." Sections 21, 22 Art. V.
The authority of a Justice of the Peace as a committing magistrate is judicial in its nature, but it is special and limited; and though the power is conferred by the Constitution the exercise of it is regulated by statute. Unless the authority is exercised as the statute prescribes it is ineffectual.
The statute requires the committing magistrate "to ascertain whether there is good ground to hold the accused to bail," Sections 6024-6031 Rev. Gen. Stats.; and provides that the committing magistrate shall require bail in bailable cases if after examination he "shall be satisfied that there is good ground to hold the accused to bail." Sec 6036.
The statutory "examination" contemplates a consideration of all pertinent evidence adduced. If there is substantial legal evidence direct or circumstantial of all the elements that are essential to the offense charged and by such evidence the magistrate "shall be satisfied that there is good ground to hold a person accused to bail," the magistrate may require bail or commit to jail in default thereof, and his action is within his jurisdiction, whether his decision is correct or erroneous. *Page 736g 
On habeas corpus taken by one committed by a committing magistrate, the court may examine into the sufficiency of the complaint to charge a criminal offense, and may consider the evidence that was adduced before the magistrate to determine whether there is substantial legal evidence of all the ultimate facts that are essential to be proven at the trial to convict the accused of the offense charged. The court on habeas corpus
will not weigh conflicting testimony or measure the credibility of competent witnesses. See State ex rel. v. Huegin,110 Wis. 189, 85 N.W. 1046; 62 L. R. A. 700; 29 C. J. 64; State v. Ross, ___ N.D. ___, 170 N.W. 121; 35 Nev. 80.
Nor will the court on habeas corpus determine the probative force of conflicting or controverted testimony on which the charge is based, or the sufficiency of a substantial defense. White v. Penton, Sheriff, supra.
The evidence will be examined only to determine whether there is any substantial evidence of all the essential elements of the charge on which the accused was committed. 100 A. S. R. 31; 12 R. C. L. 1242.
STRUM AND BROWN, J. J., concur.