WALTER HALL, *Plaintiff in Error*, v. D. W. MORAN, AS SHERIFF, ETC., *Defendant in Error*.

Opinion Filed May 13, 1921.

1. The Eighteenth Amendment to the Federal Constitution being the paramount law on the subjects covered by it, all Federal or State laws, organic or statutory, that are in conflict therewith, are, by the vital dominant force of the amendment, restrained in their operation, or rendered inoperative to the extent of the repugnancy.

2. The express command of the Eighteenth Amendment that "the Congress and the several States shall have concurrent power to enforce this Article by appropriate legislation" confers upon the Congress and a State concurrent power each by its own appropriate legislation, and within its jurisdiction, to severally enforce all of the prohibitions commanded by the amendment.

3. Existing State laws, whenever enacted, that are appropriate to *enforce the specific prohibitions* of the Eighteenth Amendment to the Federal Constitution, are not annulled by the organic amendment or superseded by the Volstead Enforcement Act of Congress; and such State laws may be utilized to enforce the amendment, if otherwise valid and effective.

4. The provisions of Chapter 7736, Acts of 1918, as amended by Chapter 7890, Acts of 1919, in so far as they penalize the manufacture, sale or transportation of intoxicating liquors, are appropriate and operative to enforce the prohibitions that are commanded by the Eighteenth Amendment, even though other provisions of the Chapter may be inoperative because in conflict with paramount law.

5. The Eighteenth Amendment prohibits the production of and the traffic in intoxicating liquors for beverage purposes, but it does not destroy all property rights in such liquors for beverage purposes, where such liquors were lawfully acquired before the amendment became effective and are only lawfully used.

6. The commerce clause and the Fifth, Tenth and Fourteenth Amendments of the Federal Constitution are restrained in their operation in só far only as they severally are inconsistent with the Eighteenth Amendment.

7. In enacting appropriate laws to enforce the Eighteenth Amendment the Congress and the State must conform to any applicable provision of the Federal Constitution that is not restrained in its operation by the Eighteenth Amendment.

8. The prohibitions of the Eighteenth Amendment, are not subject to the commerce clause or to the Fifth, Tenth and Fourteenth Amendments of the Federal Constitution, but *statutory* prohibitions of the possession of intoxicating liquors, unconnected with the organic prohibitions, though permissible, means to aid in enforcing the organic prohibitions, must not violate any applicable provision of paramount law.

9. The Eighteenth Amendment extends the Federal power to the interstate possession of intoxicating liquors for beverage purposes and does not prohibit the possession or consumption of such liquors, and privileges and immunities duly conferred by Congress upon citizens of the United States, to possess and consume intoxicating liquors, unconnected with the organic prohibitions, may be protected by the Fourteenth Amendment from abridgment by State laws.

10. The reserved powers of the States may not be so exercised as to violate the Federal Constitution.

11. The Volstead Act of Congress, consistently with the Eighteenth Amendment to the Federal Constitution, makes it unlawful to possess intoxicating liquors except as permitted by that Act, and expressly makes it lawful "to possess liquors in one's private dwelling while the same is occupied and used by him as his dwelling only, * provided such liquors are for use only for the personal consumption of the owner thereof and his family residing in such dwelling and of his bona fide guests when entertained by him therein. The State statute makes it unlawful to possess intoxicating liquors except as stated in the Act, and also provides that it shall not be "unlawful for any person over the age of twenty-one years to possess, * in such person's bona fide residence for the personal use of himself" and family "not exceeding four quarts of fermented * intoxicating liquors * either or both; provided * *such person obtained such possession before this Act became a law." Held, that in so far as the State statute limits the quantity of such liquors that a citizen of the United States may possess in his bona fide residence for family use, if lawfully acquired and used, such State provision conflicts with a dominant Federal law, and to that extent the State statute is inoperative.

12. Where a person is held in custody under an invalid provision of a statute, he may be ordered discharged on habeas corpus.

A Writ of Error to the Circuit Court for Dade County; H. Pierre Branning, Judge.

Reversed.

*Bart A. Riley* and *R. B. Gautier,* for Plaintiff in Error;

*Van C. Swearingen,* Attorney General, and *D. Stuart Gillis* and *Worth W. Trammell,* Assistants, for Defendant in Error.

## STATEMENT.

The Judge of the Circuit Court for Dade County on a writ of *habeas corpus* issued by him, remanded Hall to the custody of the sheriff for trial on a charge that on January 22, 1920, Walter Hall "did then and there have in his possession, custody and control in Dade County, State of Florida, certain alcoholic and intoxicating liquors and beverages, to-wit, forty quarts of intoxicating liquors," etc., contrary to the statute. A writ of error was allowed and taken under the statute. Sec. 2257 Gen. Stats. 1906; *ex parte* Edwards, 11 Fla. 174; Lee v. Van-Pelt, 57 Fla. 94, 48 South. Rep. 632; Keen v. Murray, 75 Fla. 154, 77 South. Rep. 855; Neisel v. Moran, 80 Fla. 98, 85 South. Rep. 346; Marasso v. VanPelt, 77 Fla. 432, 81 South. Rep. 529.

A stipulation embodied in the record contains the following:

"It is hereby agreed between the counsel representing the State of Florida and R. B. Gautier and Bart A. Riley, representing the defendant, as follows:

"That the defendant, Walter Hall, was arrested on the 22nd day of January, 1920, for having in his possession forty (40) quarts of intoxicating liquor; that said intoxicating liquor was in the *bona fide* residence of the

said Walter Hall; that said liquor was seized in said residence by the sheriff of Dade County, Florida, after the Eighteenth Amendment to the Federal Constitution went into effect and operation."

Amended Article XIX of the State Constitution, which was adopted at the general election in November, 1918, is as follows:

"Article XIX, Section 1. The manufacture, sale, barter or exchange of all alcoholic or intoxicating liquors and beverages, whether spirituous, vinous or malt, are hereby forever prohibited in the State of Florida, except alcohol for medical, scientific or mechanical purposes, and wine for sacramental purposes; the sale of which alcohol and wine for the purposes aforesaid, shall be regulated by law.

"Sec. 2. The Legislature shall enact suitable laws for the enforcement of the provisions of this Article.

"Sec. 3. This Article shall go into effect on the first day of January, A. D. 1919."

Chapter 7736, Laws of Florida, is entitled "An Act to make effective the Nineteenth Article of the Constitution of this State, as amended at the general election held November fifth, nineteen hundred and eighteen, *and* to prohibit the manufacture, sale, barter or exchange, the transportation into this State, or from one point to another point within this State, and the possession of alcoholic or other intoxicating liquors or beverages," etc., including many other more or less germane subdivisions of the main subject.

This statute was approved December 7, 1918, to become effective January 1, 1919, and, as amended by Chapter

7890, Acts of 1919, penalizing severally the manufacture, sale, barter, exchange and transportation of intoxicating liquors, and in terms makes it "unlawful for any person * * * to have in his * * * possession, custody or control, in this State, any alcoholic or intoxicating liquors or beverages, except * * * that "nothing contained in this Act shall be construed to make it unlawful for any person over the age of twenty-one years to possess, have in his custody, or control, in such person's *bona fide* residence, for the personal use of himself or herself and family, and not to be disposed of to any other person in any way, not exceeding four quarts of distilled alcoholic or intoxicating liquors or beverages and twenty quarts of malted or fermented alcoholic or intoxicating liquors or beverages, either or both; provided, however, that such person obtained and had in his possession said liquors before this Act became a law, but this shall not be construed to permit any such person to possess, have in custody or control more than the maximum quantity of the particular class of liquors herein mentioned." See Chap. 7736 and Chap. 7890.

It is also provided "that all drinks, beverages or alcoholic liquors, for beverage purposes, containing one-half of one per centum of alcohol, or more, by volume, at sixty degrees Fahrenheit, and all intoxicating liquors and beverages, whether spirituous, vinous or malt, shall be deemed and held to be within the prohibitions of this Act."

Punishments are prescribed for violations of the different provisions of the statute. See Secs. 3, 5, 7 and 18, Chap. 7736, Acts of 1918, and Chap. 7890, Acts of 1919.

On January 16, 1920, the following amendment to the Federal Constitution, designated as the Eighteenth

Amendment, and also the following Act of Congress, known as the Volstead Act, to enforce the Eighteenth Amendment, became effective:

## "XVIII AMENDMENT.

"Section 1.  After one year from the ratification of this article the manufacture, sale, or transportation of intoxicating liquors within, the importation thereof into, or the exportation thereof from the United States and all territory subject to the jurisdiction thereof for beverage purposes is hereby prohibited.

"Sec. 2.  The Congress and the several States shall have concurrent power to enforce this article by appropriate legislation."

The Volstead Act provides that "the phrase intoxicating liquors shall be construed to include alcohol, brandy, whiskey, rum, gin, beer, ale, porter, and wine, and in addition thereto any spirituous, vinous, malt or fermented liquor, liquids, and compounds, whether medicated, proprietary, patented, or not, and by whatever name called, containing one-half of one per centum or more of alcohol by volume which are kept for use for beverage purposes." It also provides that "no person shall on or after the date when the Eighteenth Amendment to the Constitution of the United States goes into effect, manufacture, sell, barter, transport, import, export, deliver, furnish or possess any intoxicating liquor except as authorized in this Act, and all the provisions of this Act shall be liberally construed to the end that the use of intoxicating liquor as a beverage may be prevented. Liquor for non-beverage purposes and wine for sacramental purposes may be manufactured, purchased, sold, bartered, transported, imported, exported, delivered,

furnished and possesed, but only as herein provided, * * * ” “After February 1, 1920, the possession of liquors by any person not legally permitted under this title to possess liquor shall be *prima facie* evidence that such liquor is kept for the purpose of being sold, bartered, exchanged, given away, furnished, or otherwise disposed of in violation of the provisions of this title. Every person legally permitted under this title to have liquor shall report to the commissioner within ten days after the date when the Eighteenth Amendment of the Constitution of the United States goes into effect, the kind and amount of intoxicating liquors in his possession. But it shall not be unlawful to possess liquors in one's private dwelling while the same is occupied and used by him as his dwelling only, and such liquor need not be reported, provided such liquors are for use only for the personal consumption of the owner thereof and his family residing in such dwelling and of his *bona fide* guests when entertained by him therein; and the burden of proof shall be upon the possessor in any action concerning the same to prove that such liquor was lawfully acquired, possessed and used.” Secs. 1, 3 and 33 Volstead Act of Congress, October 28, 1919.

The Federal Act also states that certain of its provisions, including the above quotations, “shall take effect and be in force from and after the date when the Eighteenth Amendment of the Constitution of the United States goes into effect. See Sec. 21, Title III of the Volstead Act of October 28, 1919.

Whitfield, J. (After making the foregoing statement):

The plaintiff in error seeks relief from custody on a

penal charge of the possession of intoxicating liquors in violation of a State statute.

The Eighteenth Amendment to the Federal Constitution being the paramount law on the subjects covered by it, and the prohibitions of the amendment being self operating, if not self enforcing, any and all provisions of the State Constitution and statutes, that are in conflict with the organic provisions are by the vital force of the dominant amendment rendered in law inoperative and unenforceable. See Neal v. State of Delaware, 103 U. S. 370; Guinn v. United States, 238 U. S. 347, 35 Sup. Ct. Rep. 926. In so far as State prohibitions are similar to those in the dominant Federal law, the State prohibitions may be regarded as being merged into or included in or covered by the paramount Federal organic prohibitions.

The amendment is *sui generis,* whether called a national police or other sovereign power. It is the paramount law of the United States and of the States, on the specified subjects; and by necessary implication it controls the operation of all provisions of the Federal Constitution that conflict with its express mandates. It restrains pre-existing State and Federal powers by its prohibitions, and it enlarges both the State and Federal powers to enforce the prohibitions. Its vital force invalidates all conflicting State organic or statutory provisions, but does not render inoperative any State regulations that are appropriate to enforce the prohibitions it commands. The amendment forbids the production of and traffic in intoxicating liquors for beverage purposes; but it does not destroy all property rights in such liquors that were lawfully acquired prior to the effective date of the amendment and are only lawfully used. It does not forbid the

possession or use of such liquors unconnected with the organic prohibitions. Its purpose is that the State and Federal powers shall be severally concurrently applied to prevent the manufacture, sale, transportation, importation and exportation of intoxicating liquors for beverage purposes, uncontrolled by other provisions of the Federal Constitution that separate and limit the State and Federal powers.

The agreed statement of facts shows that the petitioner was arrested on January 22, 1920, for having in his possession in his *bona fide* residence a quantity of intoxicating liquors, in excess of the quantity permitted by the State statute. Such possession is expressly permitted by the Act of Congress; and it is not alleged or shown that the liquors were unlawfully acquired or are being used for an unlawful purpose.

The express "concurrent power" of the State to enforce the paramount organic prohibitions, does not afford implied *concurrent* power in conflict with other provisions of the Federal Constitution. Concretely stated, the express concurrent power of Congress and the several States to enforce the specified prohibitions of traffic in intoxicating liquors for beverage purposes, by appropriate legislation, does not include implied *concurrent power* to enact and enforce statutory prohibitions of the mere possession of such liquors, even though the statutory prohibitions may be aids in enforcing the organic prohibitions.

The Eighteenth Amendment does not destroy all property rights in intoxicating liquors and does not forbid the lawful possession thereof. It contemplates the possession and use of such liquors for purposes that are consistent with the amendment. See Street v. Lincoln Safe

Dep. Co., 254 U. S. 88, decided Nov. 8, 1920. The amendment does not forbid the enactment and enforcement of incidental prohibitions and regulations that tend to enforce the organic prohibitions; but all statutes designed to enforce the paramount prohibitions must conform to all the provisions of the Federal Constitution that are not modified in their operation by the Eighteenth Amendment.

The Eighteenth Amendment having expressly extended the Federal power to intrastate matters affecting intoxicating liquors for beverage purposes, and the possession of such liquors not being forbidden by the paramount amendment, and Congress having expressly made it lawful, without express limitations as to quantity, to possess intoxicating liquors in one's private dwelling for lawful family purposes, the authority to lawfully so possess such liquors is a right conferred by the Federal power under the Federal Constitution, as to which concurrent power is not conferred upon the States; therefore, whether the right to possess intoxicating liquors in one's dwelling for lawful purposes, is a privilege or immunity of citizens of the United States or not, it is a right *expressly* conferred by Congress within the Federal power; and the State power as to it not being concurent, the Federal law is dominant and the State provision denying, impairing, curtailing or abridging the Federal right so conferred, by limiting the quantity of liquors that one may lawfully have in his dwelling for family purposes, is not enforceable. It cannot fairly be said, that the Federal power has not been expressly extended to the subject-matter by the paramount amendment, or that the express concurrent power of the State extends to prohibitions of the possession of intoxicating liquors unconnected with the forbidden manufacture, sale or transportation thereof

for beverage purposes, or that the Eighteenth Amendment does not contemplate a lawful possession and use of liquors, or that Congress has not dominant power as to all matters of Federal cognizance, except as otherwise provided by or under the Federal Constitution.

If the State has concurrent power with Congress to prohibit the possession of intoxicating liquors as a means to effectuate the prohibitions of the Eighteenth Amendment, the concurrent power does not extend to matters affecting privileges of citizens of the United States which are consistent with the. Eighteenth Amendment, and which, when lawfully granted by Congress, are protected by the Fourteenth Amendment from being abridged by a State law. The authority of Congress extends to all matters within the Federal power, whether the States have any authority therein or not. The concurrent power that is expressly conferred upon the States is *to enforce the prohibitions of the Eighteenth Amendment,* and not to regulate rights and privileges of citizens of the United States expressly granted by Congress that may be consistent with the Eighteenth Amendment and are protected by the Fourteenth Amendment from State abridgement. Federal rights in the premises are not subject to the State power, and the State and Federal power is not concurrent, except as provided in the Eighteenth Amendment. The Eighteenth Amendment does not destroy all property rights in intoxicating liquors previously lawfully manufactured, but contemplates a lawful possession of intoxicating liquors that were legally acquired before the amendment became effective and that are only lawfully used, though further production of, and all traffic in, such liquors for beverage purposes is expressly prohibited. The safeguarded Federal right of possession conferred by the Volstead Act is in accord with the express

provisions and intendments of the Eighteenth Amendment, which specifically extends the Federal power to matters affecting intoxicating liquors for beverage purposes, and the amendment is the paramount law on the subject.

The provisions of the Fourteenth Amendment that "no State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States," does not preclude the State from exercising under proper circumstances its inherent police power to conserve the general welfare; but where an Act of Congress expressly confers a right or privilege upon persons, including citizens of the United States, to possess particular property at a stated place, and such expressly conferred privilege to possess property does not violate paramount law, and the article possessed was lawfully acquired, and it does not directly menace the public welfare, and is not possessed or used for an unlawful purpose, a State law penalizing such possession when that possession *is expressly permitted by Congress within the Federal power,* is a denial or curtailment of a right expressly conferred by the Federal power and perhaps also abridges the privileges and immunities of citizens of the United States in violation of the Fourteenth Amendment. In either event the Federal law is dominant and renders inoperative the conflicting State provision.

The Volstead Enforcement Act provided that the possession of such liquors shall be unlawful except as authorized therein. The Act also expressly provided that "it shall not be unlawful to possess liquors in one's private dwelling * * * provided such liquors are for use only for the personal consumption of the owner thereof and his family residing in such dwelling and of

his *bona fide* guests when entertained by him therein; and the burden of proof shall be upon the possessor in any action concerning the same to prove that such liquor was lawfully acquired, possessed and used."

Under the Eighteenth Amendment extending the Federal power to intrastate matters affecting intoxicating liquors, the quoted provision is within the authority of Congress to enact. This provision is, in legal effect, a "privilege" to possess intoxicating liquors in one's private dwelling for family uses, and an "immunity" from penalties for such permitted possession, that under the Fourteenth Amendment cannot legally be abridged by a State law.

While the express authority of the State to enforce *the prohibitions of the Eighteenth Amendment* "by appropriate legislation" is concurrent with that of the Congress, yet, in enacting "appropriate legislation" pursuant to the Eighteenth Amendment, a State may not so legislate as to violate any express provision of the Federal Constitution or of the amendments thereto, that is not clearly modified by the terms or by the *necessary* import of the Eighteenth Amendment, so as to permit such State legislation for the enforcement of the Eighteenth Amendment. With this principle in view, it would seem that as the Eighteenth Amendment specifically covers intrastate matters affecting intoxicating liquors for beverage purposes, thereby extending the power of Congress, and does not prohibit the possession of intoxicating liquors, and that as the Volstead Act of Congress expressly permits the possession of lawfully acquired intoxicating liquors "in one's private dwelling while the same is occupied and used by him as his dwelling only * * * provided such liquors are for use only for the personal

consumption of the owner thereof and his family residing in such dwelling and his *bona fide* guests when entertained by him therein," such Federal statutory provision confers a Federal right in the nature of a "privilege" to lawfully possess, and an "immunity" from punishment for such lawful possession of a species of property, that the Fourteenth Amendment secures from abridgment by a conflicting State statute, even though the State statute would otherwise be valid. This does not take from the State its "concurrent power to enforce" the Eighteenth Amendment "by appropriate legislation," since the possession of intoxicating liquors for beverage purposes is not prohibited by the Federal organic amendment.

The Volstead Act of Congress contemplates that the possession of intoxicating liquors by the class of persons and at the places expressly permitted by it, shall be of liquors that had been lawfully acquired before the Eighteenth Amendment became effective, and that the possession shall not be for or in aid of any unlawful purpose.

The possession of intoxicating liquor is a necessary incident to its manufacture, sale or transportation; and regulations of its possession are manifestly and of necessity germane to the prohibited traffic therein; therefore, regulations of the possession of intoxicating liquors are, under the Eighteenth Amendment, within the Federal authority; and Congress has power to legislate with reference to all Federal matters. Acts of Congress within the scope of the Federal power are the supreme law of the land on the subjects covered by them, when not controlled or restricted by provisions of the Federal Constitution.

The Fourteenth Amendment and other provisions of the Federal Constitution are not modified by the Eighteenth Amendment, except in so far as the former may

be inconsistent with or repugnant to the latter with reference to the particular subject-matter of the Eighteenth Amendment. The privileges and immunities that are protected by the Fourteenth Amendment include those that may be conferred by valid Acts of Congress as well as those that are conferred by the Federal Constitution itself; and the Eighteenth Amendment does not deny to Congress the power to confer privileges and immunities as to the possession of intoxicating liquors when such privileges and immunities are not inconsistent with the amendment.

Under the Fourteenth Amendment "no State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States * * * nor deny to any person within its jurisdiction the equal protection of the laws." The privileges and immunities of citizens of the United States are those which arise out of the nature and essential character of the National Government, out of the provisions of the Federal Constitution, out of the laws of the United States made in pursuance of the Federal Constitution and out of treaties made under the authority of the United States; and it is the privileges and immunities arising by these means that are placed under the protection of Congress by the Fourteenth Amendment. Slaughter House Cases, 16 Wall. (U. S.) 36.

As the Eighteenth Amendment specifically extends the Federal authority to intrastate matters affecting intoxicating liquors, and does not prohibit the possession of such liquors, it is apparent that the quoted provision of the Volstead Act is within the power of Congress to enact. And as Congress may confer privileges that cannot legally be abridged by State law, it seems clear that

a Federal right was conferred and that under the Four-teenth Amendment such right or privilege conferred by the quoted Federal enactment to possess intoxicating liquors in one's private dwelling for family uses, and an immunity from penalties for such expressly permitted possession and use, are protected from abridgement by the quoted State statute, even if the Federal statute is not otherwise dominant as to the matter covered. As a result, the State has not concurrent power with Congress to enforce the prohibitions of the Eighteenth Amendment by enacting and enforcing *incidental prohibitions* and regulations of the possession of intoxicating liquors, if the incidental prohibitions and regulations *enacted by the State* conflict with an Act of Congress within the Federal power, or violate the Fourteenth Amendment by abridging a privilege or immunity *expressly conferred by Congress* as to such possession, where such privilege or immunity is not inconsistent with the Eighteenth Amend-ment or with other Federal organic law. The reserved powers of the State may not be so exercised as to violate the Federal Constitution.

The provisions of the Fifth and Fourteenth Amend-ments are not modified in their operation by the Eigh-teenth Amendment except as to the prohibitions expressly commanded by the Eighteenth Amendment. This being so, the amendment restrains the Congress to due process in prohibiting the mere possession of intoxicating liquors and the Tenth Amendment prevents intrastate regula-tions by Congress as to intoxicating liquors for non-beverage purposes unconnected with the prohibitions of the Eighteenth Amendment. The Federal organic com-merce clause restrains the States from undue import and export regulations of intoxicating liquors for non-beverage purposes. The Fourteenth Amendment restrains

State legislation that in prohibiting the mere possession of intoxicating liquors, denies due process and equal protection and that abridges privileges and immunities of citizens of the United States. Privileges and immunities that are conferred by Congress upon citizens of the United States as such are among those that the Fourteenth Amendment protects from being abridged by a State law.

A provision of a statute that, when enacted, is valid under both the State Constitution and the Federal Constitution may be rendered invalid by the subsequent adoption of an amendment to the Federal Constitution, or by a subsequent Act of Congress within the Federal power, that becomes the paramount or dominant law on the subject.

In this case the subsequently adopted paramount Federal law may invalidate the provisions of the State statute that penalizes the *mere possession* of intoxicating liquors, without rendering invalid those portions of the State statute that penalize the unlawful manufacture, sale or transportation of such liquors.

The quoted provision of the State statute which forbids and penalizes the mere possession of intoxicating liquors, when such possession is expressly permitted by the Act of Congress, is applicable to all persons; therefore, the terms of the State enactment cover citizens of the United States, as well as those who may not be such citizens. If the particular provision of the statute is invalid as to citizens of the United States, it is invalid as to all persons, since otherwise it would deny to persons within the jurisdiction of the State the equal protection of the laws, in violation of the Fourteenth Amendment.

The Volstead Act of Congress provides that "it shall not be unlawful to possess liquors in one's private dwelling while the same is occupied and used by him as his dwelling only, * * * provided such liquors are for use only for the personal consumption of the owner thereof and his family residing in such dwelling and of his *bona fide guests* when entertained by him therein."

The State statute provides that it shall not be "unlawful for any person over the age of twenty-one years to possess * * * in such person's *bona fide* residence for the personal use of himself or herself and family * * * not exceeding four quarts of distilled alcoholic or intoxicating liquors or beverages and twenty quarts of malt or fermented alcoholic or intoxicating liquors or beverages, either or both; provided, however, that such person obtained and had in his possession said liquors before this Act became a law." Sec. 1, Chapter 7890, approved May 17, 1919, amending Sec. 5, Chapter 7736, Acts of 1918. The State statute does not make the possession of intoxicating liquors *prima facie* evidence of an unlawful possession, as does the Federal statute.

A penalty is prescribed for the possession of intoxicating liquors except as is expressly permitted by the above quoted provision of the State statute.

Both the Federal and the State statute forbid the possession of intoxicating liquors except under circumstances and at designated places and for stated purposes not inconcistent with the Eighteenth Amendment. But the State statute expressly limits the quantity that may be possessed in a *bona fide* residence for family purposes, while the Federal statute expressly permits without express limit as to quantity the possession of intoxicating liquors in one's private dwelling for consumption by the

possessor's family and guests in his dwelling. This difference in the statutes, not being controlled by the Eighteenth Amendment, gives operation to the privileges and immunities provisions of the Fourteenth Amendment to the Federal Constitution.

The reasonableness of the quantity of intoxicating liquors which the State statute permits a person twenty-one years of age to possess in his *bona fide* residence for family purposes if lawfully acquired before the law took effect, is not material, if the State statute conflicts with a dominant Federal statute or if the State violates the Fourteenth Amendment to the Federal Constitution by abridging a privilege or immunity of citizens of the United States that is expressly conferred by Congress within the Federal power, when the Congress expressly makes it lawful to possess such liquors without limit as to quantity in one's private dwelling for family uses, and such provision does not violate the Eighteenth Amendment or other paramount law.

In so far as Chapter 7736, Acts of 1918, as amended by Chapter 7890, Acts of 1919, forbids and penalizes the possession of intoxicating liquors in one's private dwelling or *bona fide* residence for family purposes only, which possession is expressly permitted by the Volstead Act of Congress (the Act of Congress being within the Federal power and not violating the Eighteenth Amendment) such State enactment conflicts with the Federal law when the State has not concurrent power or it abridges the privileges and immunities of citizens of the United States in violation of the Fourteenth Amendment of the Federal Constitution, and the State provision to that extent is inoperative.

The Federal statute provides that "the burden of proof

shall be upon the possessor in any action concerning the same to prove that intoxicating liquor was lawfully acquired, possessed and used.'' This provision is applicable in Federal court proceedings.

The statutory provision on which the penal charge is predicated being inoperative, the petitioner should be discharged from custody. *Ex parte* Knight, 52 Fla. 144, 41 South. Rep. 786; State v. Patterson, 50 Fla. 127, 39 South. Rep. 398.

Reversed.

BROWNE, C. J., AND TAYLOR, ELLIS AND WEST, J. J., concur.