JOHN HAILE, *Plaintiff in Error*, v. J. W. GARDNER, *Defendant in Error*.

Opinion Filed November 8, 1921.

Petition for Rehearing Denied December 17, 1921.

1.  The constitutional guarantee against "unreasonable seizures and searches," in purpose and effect forbids the Legislature to enact laws that authorize unreasonable searches or seiz-

ures as well as forbids unreasonable searches and seizures by officers purporting to act under laws that authorize reasonable seizures and searches.

2. What is a reasonable law authorziing a search or seizure, is ultimately for judicial determination upon due consideration of the nature and extent of the evil designed to be remedied and the provisions of the law.

3. What is a reasonable or valid search or seizure, is to be determined by the courts upon due consideration of the circumstances and manner in which the search or seizure is made by the officer.

4. No search or seizure is permissible under the law without a proper warrant duly issued, except as a reasonable search and seizure may be allowed by law as an incident to a lawful arrest.

5. Where an arrest without a warrant is allowed by law, as for an offense being committed or threatened in the presence of an officer authorized by law to make arrests for such offense, a reasonable search and seizure that is properly incident to a lawful arrest, may be made in a reasonable and proper manner by the officer making the lawful arrest; but the search and seizure should not be inappropriate to the reasonable requirements for making effective a lawful arrest.

6. Warrants authorizing a search or seizure may be issued only by the authorized officers; and such warrants should not be issued except upon a due showing upon oath or affirmation, indicating a probable violation of law; and the warrants should particularly describe the person or place or thing to be searched or seized as indicated in the applications duly made for the warrants.

7. Chapter 7736, Acts of 1918, provides that in prosecutions thereunder "it shall be sufficient to allege generally and to prove that the liquor is alcoholic or intoxicating liquors or beverages."

8. The writ of *habeas corpus* cannot be used to correct mere errors of procedure where the court had jurisdiction of the defendant and of the offense which is sufficiently charged and the judgment is within the power of the court to render.

9. The writ of *habeas corpus* may be used to test the legality of an imprisonment or a detention in custody, and may be addressed to any person having the custody of another alleged to be illegal.

10. The writ of *certiorari* is addressed to an inferior court and may be obtained only to determine from the face of the record of the inferior court whether such court in rendering a judgment complained of, exceeded its jurisdiction, or did not proceed according to the essential requirements of the law. The writ issues only in cases where no direct appellate proceedings are provided by law.

11. The writ of *habeas corpus* is a writ of right when a showing is duly made entitling a party to the use of the writ; but the writ of *certiorari* issues only in the exercise of a sound legal discretion of the superior court.

A Writ of Error to the Circuit Court for Marion County; W. S. Bullock, Judge.

Affirmed.

*Robert E. Davis,* for Plaintiff in Error;

*Rivers H. Buford,* Attorney General, and *J. B. Gaines,* Assistant Attorney General, for Defendant in Error.

WHITFIELD, J.—This writ of error was allowed and taken to a judgment quashing a writ of *habeas corpus* and remanding the petitioner to the custody of the sheriff. It appears that John Haile was convicted and sentenced to

imprisonment in the County Judge's Court upon a charge that he "did unlawfully have in his possession certain intoxicating liquors, contrary to the statute;" that at the trial it was shown by the evidence contained in the bill of exceptions that the defendant's residence was searched at night by officers (who the petitioner alleges did so without warrants of search, seizure or arrest) ; that certain quantities of "moonshine liquor" were by search found in the residence, and such "moonshine liquor" was referred to as evidence of guilt at the trial; and it further appears that the Court charged the jury "That where a person is found in possession of what is commonly called rum or moonshine liquor, this is *prima facie* evidence that he had such possession unlawfully and put the burden on the defendant to prove that his possession was lawful. By *prima facie* evidence is meant, is evidence sufficient to convict the defendant, unless the defendant proves that his possession was lawful," and also charged that "the possession of moonshine liquor by the defendant in this case I believe, is not disputed by the defendant, then unless defendant proves to you that his possession was lawful, that is unless he proves to you that he obtained his possession of this liquor prior to August 7th, 1919, and that he had (not exceeding four quarts) in his private residence, for the use of himself or his family and not to be disposed of to any person in any way, or unless his proof raises a reasonable doubt in your mind of his guilt, then you should find the defendant guilty."

The charge stating the offense is sufficient under the statute. Sec. 6, Chap. 7736, Acts of 1918, Sec. 5468, Rev. Gen. Stats. The Court had jurisdiction of the offense. Sec. 5487 Revised General Statutes 1920. And the statute is not invalid as to its provisions that are appropriate to

enforce the Eighteenth Amendment to the Federal Constitution. See Wood v. Whitaker, 81 Fla. 653, 89 South. Rep. 118; Burows v. Moran, 81 Fla. 662, 89 South. Rep. 111; Hall v. Moran, 81 Fla. 706, 89 South. Rep. 104; Johnson v. State, 81 Fla. 783, 89 South. Rep. 114. See also Street v. Lincoln Safe Deposit Co., 254 U. S. 88, —— Sup. Ct. Rep. ——. As to unlawful searches and seizures, see Gouled v. United States, —— U. S. ——, 41 Sup. Ct. Rep. 261; Amos v. United States, —— U. S. ——, 41 Sup. Ct. Rep. 266; Tillman v. State, 81 Fla. 558, 88 South. Rep. 377.

"The right of the people to be secure in their persons, houses, papers and effects against unreasonable seizures and searches, shall not be violated, and no warrants issued but upon probable cause, supported by oath or affirmation, particularly describing the place or places to be searched, and the person or persons, and thing or things to be seized." Sec. 22, Declaration of Rights, Florida Constitution.

This organic provision in purpose and effect forbids the Legislature to enact laws that authorize unreasonable searches or seizures as well as forbids unreasonable searches and seizures by officers purporting to act under laws that authorize reasonable seizures and searches. What is a reasonable law authorizing a search or seizure, is ultimately for judicial determination upon due consideration of the nature and extent of the evil designed to be remedied and the provisions of the law. What is a reasonable or valid search or seizure, is to be determined by the courts upon due consideration of the circumstances and manner in which the search or seizure is made by the officer. No search or seizure is permissible under the law without a proper warrant duly issued, except as a reasonable search and seizure may be allowed by law as an incident to a

lawful arrest. Where an arrest without a warrant is allowed by law, as for an offense being committed or threatened in the presence of an officer authorized by law to make arrests for such offense, a reasonable search and seizure that is properly incident to a lawful arrest may be made in a reasonable and proper manner by the officer making the lawful arrest; but the search and seizure should not be inappropriate to the reasonable requirements for making effective a lawful arrest. Warrants authorizing a search or seizure may be issued only by the authorized officers and such warrants should not be issued except upon a due showing upon oath or affirmation, indicating a probable violation of law; and the warrants should particularly describe the person or place or thing to be searched or seized as indicated in the applications duly made for the warrants.

There is no evidence that the "moonshine liquor" was alcoholic or intoxicating (Norwood v. State, 80 Fla. 613, 86 South. Rep. 506), or that it was being used for unlawful purposes.

The State statute provides that "it shall be sufficient to allege generally and to prove that the liquor is alcoholic or intoxicating liquors or beverages."

But the County Judge had jurisdiction to try the defendant for the offense that is under the statute sufficiently alleged in the affidavit and warrant; and the errors in charges and deficiencies in proofs referred to are merely matters of procedure. Such matters appear only in the bill of exceptions and they do not affect the jurisdiction of the Court or the sufficiency of the allegations of an offense. The writ of *habeas corpus* cannot be used to correct mere errors of procedure where the Court had jurisdiction of the

defendant and of the offense which is sufficiently charged and the judgment is within the power of the Court to render. *Ex parte* Bowen, 25 Fla. 214, 6 South. Rep. 65; *Ex parte* Prince, 27 Fla. 196, 9 South. Rep. 659; *In re* Robinson, 73 Fla. 1068, 75 South. Rep. 604; Crooke v. Van-Pelt, 76 Fla. 20, 79 South. Rep. 166; Gallagher v. Mc-Gourin, 218 U. S. 442, 31 Sup. Ct. Rep. 44; 12 R. C. L. 1186, 1192 *et seq.*

The writ of *habeas corpus* may be used to test the legality of an imprisonment or a detention in custody, and may be addressed to any person having the custody of another alleged to be illegal. The writ of *certiorari* is addressed to an inferior court and may be obtained only to determine from the face of the record of the inferior court whether such court in rendering a judgment complained of, exceeded its jurisdiction, or did not proceed according to the essential requirements of the law. The writ issues only in cases where no direct appellate proceedings are provided by law. See State v. Glenn, 54 Md. 572.

The writ of *habeas corpus* is a writ of right when a showing is duly made entitling a party to the use of the writ; but the writ of *certiorari* issues only in the exercise of a sound legal discretion of the Superior Court. Ordinarily the writ of *certiorari* will not be issued unless it is duly made to appear that the record of the proceedings in a cause in an inferior court shows that the inferior court exceeded its jurisdiction or violated the essential requirements of the law in rendering the judgment so as to inevitably deprive the complaining party of fundamental rights resulting in serious and material injury or gross injustice. Mere errors of procedure even resulting in an erroneous, as distinguished from an illegal or void judgement, may not warrant the issuance of a writ of *certiorari*. The

statute makes a bill of exceptions that has been duly settled and authenticated and filed, a part of the record in a litigated cause; and conceding that in appropriate proceedings on *certiorari,* the bill of exceptions may be considered in determining whether the Court proceeded according to the essential requirements of the law, in rendering the judgment in the cause; yet the writ of *certiorari* will not be used to test the propriety of rulings on the admission or rejection of evidence, the giving or refusal of charges or the probative force of *conflicting* evidence that is legally sufficient to sustain the verdict, (Benton v. State, 74 Fla. 30, 76 South. Rep. 341; Harrison v. Frink, 75 Fla. 22, 77 South. Rep. 663), or other mere matters of procedure, except perhaps in cases of flagrant violations of law resulting in serious injury or injustice, or where jurisdictional or other fundamental matters are violated. See Balbontin v. State, 68 Fla. 84, 66 South. Rep. 421; State v. Live Oak, P. & G. R. Co., 70 Fla. 564, 70 South. Rep. 550; or perhaps in cases where there was no evidence as to elements of the offense that are essential to a lawful conviction and imprisonment.

If the plaintiff in error has a remedy it is not *habeas corpus. Ex parte* Bowen, 25 Fla. 214, 6 South. Rep. 65.

Affirmed.

BROWNE, C. J., AND TAYLOR, ELLIS AND WEST, J. J., concur.

ON PETITION FOR REHEARING.

A petition for rehearing herein contains the following:

"1. The record disclosed that the plaintiff in error was

charged with having committed the offense on April 17th, 1920. Article 19 of the Constitution of Florida became effective January 1st, 1919, and Article 18 Amendments of the Constitution of the United States became effective January 16th, 1920. Chapter 7736, Laws of Florida of 1918, as amended by Chapter 7890, Laws of Florida, were adopted for the purpose of enforcing the provisions of Article 19 of the Constitution of the State of Florida. Article 3, Section 16, of the Constitution of the State of Florida, is a limitation upon the Legislature with respect to the subject matter contained in an Act upon the Courts of the State in the construction thereof.

"The proposition was presented to this Honorable Court that after Article 18, Amendments of the Constitution of the United States, became effective, it became the supreme law of the land, and that Article 19 of the Constitution of the State of Florida, was a nullity. That by reason of the restrictions and limitations of Article 3, Section 16, Constitution of the State of Florida, Chapters 7736 and 7890, Laws of Florida, could not be effective for the purpose of enforcing Article 18, Amendments of the Constitution of the United States, until the substance thereof had been incorporated in the Revised General Statutes and that compilation of law had become operative.

"This Honorable Court's attention was directed to the fact that the offense having been committed after the adoption of the 18th Amendment to the Federal Constitution and prior to the time when the Revised General Statutes went into effect, that Chapter 7736, as amended by Chapter 7890, Laws of Florida, were inoperative during that period by reason of the limitation of Article 3, Section 16, Constitution of the State of Florida, and the prosecution of this offense could not legally be based thereon.

"The opinion delivered by this Honorable Court does not consider and decide these propositions of law."

The matter is determined in the disposition of the cases cited in the opinion herein, and the conclusion is definitely stated.

The title of Chapter 7736, Acts of 1918, is "An Act to make effective the Nineteenth Article of the Constitution of this State, as amended at the general election held November fifth nineteen hundred and eighteen, and to prohibit the manufacture, sale, barter or exchange, the transportation into this State, or from one point to another point within the State, and the possession of alcoholic or other intoxicating liquors or beverages" &c.     Similar language appears in the title of Chapter 7890, Acts of 1919.

The former and the latter portions of the title are equally germane to and properly connected with the general subject expressed in the title, which is legislation that in its substance is as applicable to the enforcement of the prohibitions of the Eighteenth Amendment to the Federal Constitution as it is to the enforcement of the prohibitions of Amended Article XIX of the State Constitution, which State organic provision may be regarded as merged into the paramount Federal Amendment to the extent that they are in accord, the Federal organic amendment being the paramount State law of the State on the subject, with its resulting effect on State laws that are in conflict with it. Neal v. State of Delaware, 103 U. S. 370; Griebel v. State, 111 Ind. 369, 12 N. E. Rep. 700.

The provisions of the State statute are appropriate to enforce the paramount prohibitions, and the valid portions thereof are not rendered inoperative by invalid portions, if any are contained in the statute.

Both the State statute and the Volstead Act forbid the possession of intoxicating liquors except as is expressly made lawful in the statutes. In so far as the Volstead Act permits possession by a person in his private dwelling only, for family purposes, it confers a privilege to so possess and an immunity from penalties for such possession when lawfully acquired and not connected with unlawful purposes, which the Fourteenth Amendment protects from abridgment by the State law as to citizens of the United States; and the equal protection of the laws provision of the Fourteenth Amendment renders inoperative as to all persons the provisions of the State law penalizing the possession by a person in his *bona fide* residence for family purposes, intoxicating liquors in excess of four quarts, &c. Hall v. Moran, 81 Fla. 706, 89 South. Rep. 104.

Rehearing denied.

All concur.