ROBERTS, Chief Justice
(dissenting):
I respectfully dissent.
The United States Supreme Court in City of Phoenix et al. v. Kolodziejski, 399 U.S. 204, 90 S.Ct. 1990, 26 L.Ed.2d 523, does not dictate that this Court must hold unconstitu *500 tional, Florida Statutes, Chapter 70-18. In Phoenix, the U. S. Supreme Court decided that permitting only real property owners the franchise to vote in elections to approve the issuance of general obligation bonds was an unconstitutional violation of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution. The exclusion of non-property-owning voters from the election was held unconstitutional. The rationale for this conclusion is that non-property-owners as well as property owners are substantially affected by the issuance of revenue bonds and that both, alike, have an interest in the public facilities and services available in the city. That court explicitly held, “We must therefore affirm the District Court’s declaratory judgment that the challenged provisions of the Arizona Constitution and statutes, as applied to exclude nonproperty owners from elections for the approval of the issuance of general obligation bonds, violate the Equal Protection Clause of the United States Constitution.”
Our Court recently interpreted the Phoenix case in State of Florida v. City of Miami Beach (Fla.1971) 245 So.2d 863, 864, in which we stated, “Phoenix did not declare unconstitutional the election procedure contained in the Constitution, statutes and City Charter. Only the limitation to freeholders was voided; the remainder was in effect.
Chapter 70-18, Florida Statutes, is not violative of the principles espoused in Phoenix but rather is in accord. Section Four of this law which became effective May 12, 1970 and which was to expire July 1, 1971, provides:
“Notwithstanding the foregoing provisions of this act or the provisions of any other general or special law of the State of Florida, in the event that either the United States Supreme Court or the Florida Supreme Court shall render a decision declaring that the requirement that only freeholder electors may vote in bond elections contained in Section 12 of Article VII of the Constitution of the State of Florida as revised in 1968 is in violation of the United States Constitution, each governmental taxing unit shall thereafter have power to issue bonds of the character presently requiring an election pursuant to the requirements of Section 12 of Article VII of the Constitution of the State of Florida as revised in 1968 for the issuance of which bonds such governmental taxing unit shall have lawful authority if the issuance of such bonds shall have been approved by vote in a bond election of a majority of the qualified electors of, together with a majority of the qualified freeholder electors of, such governmental taxing unit voting thereon.”
This legislation specifically acts to include non-freeholders within the classification of qualified voters as well as freeholders. This statute harmonizes the requirement of Phoenix that non-property-owners should not be excluded from the General Bond Elections and Article VII, Section 12 of the Florida Constitution that such bond financing of capital projects be “ . approved by vote of the electors who are owners of freeholds therein . . .”
The majority, herein, find Chapter 70-18 unconstitutional because if a majority of the freeholders vote against a bond issue, this will cause it to fail although a majority of the non-freeholders vote for the success of the bond issue. By the language of the statute in question, it is true that in the event the majority of freeholders vote down the issue, the bond issuance will not be approved. However, the majority of the non-freeholders voting against the bond issue may also cause the failure of the issuance of general obligation bonds.
Occasion may arise, i. e. the projected construction of a civic center, where the majority of the freeholders may desire to approve the financing through general obligation bonds; however, if the non-freeholders, fearing a rent increase, are not in favor of such financing they may have the veto over the freeholders.
*501 The long forgotten Tenth Amendment to the United States Constitution provides, “The powers not delegated to the United States by the Constitution, nor prohibited by it to the States, are reserved to the States respectively, or to the people.”
I have sought in vain and am unable to find where the sovereign State of Florida has surrendered the right to legislate and regulate local public financing. Our Constitution, Article VII, Section 12, provides the procedure for local public financing. Nevertheless, I also recognize that the reserved powers of the state cannot be exercised so as to violate the federal Constitution. Hall v. Moran (Fla.1921) 81 Fla. 706, 89 So. 104.
Chapter 70-18, Florida Statutes, does not violate the federal Constitution nor does it conflict with the holding of Phoenix. Rather it combines the protection of the freeholders’ voting franchise as enunciated by the Florida Constitution and protection of the non-freeholders’ right to vote in general bond elections as set out in Phoenix, supra.