OWEN, Judge.
Robert Churchill Ackles was charged with possession of marijuana. When his motion to suppress the tangible evidence was denied, he entered a plea of nolo con-tendere and was placed on eighteen month’s probation with adjudication and sentence withheld.
The only question on appeal is whether the court should have granted appellant’s motion to quash the tangible evidence on the grounds that the same was seized as a result of an illegal search. Ap-pellee contends that the question is not properly preserved for appellate review because the nolo plea was not made expressly conditional upon the right to appeal the order denying the motion to suppress, as was the case in State v. Ashby, Fla.1971, 245 So.2d 225. We disagree. The record of the proceedings before the court at the time of the entry of the plea affirmatively shows that the plea was entered solely because the motion to suppress was denied, and this is a sufficient showing to preserve the defendant’s right to challenge such order on appeal following a plea of nolo con-tendere. State v. Ashby, supra, and Trivette v. State, Fla.App.1971, 244 So.2d 173.
The pertinent facts are as follows: At 3 :00 A.M., a police officer of the City of Fort Lauderdale found Ackles asleep in a car bearing Ohio license plates and parked in a “no parking” zone on Fort Lauderdale beach. Awakened, Ackles was not immediately able to produce any identification or proof of ownership of the vehicle, although he did have in his possession a wallet containing the driver’s license of another person which he claimed to have found. He also claimed that his own driver’s license and other identification were somewhere in the car. Ackles was then placed under arrest for “sleeping in a vehicle”, (proscribed by ordinance) and, after being searched, was placed in the back of the officer’s patrol vehicle. By that time another police officer had arrived. Without either a search warrant or Ackles’ consent, the two officers proceeded to search Ackles’ vehicle. As a result they found and seized a small quantity of marijuana, the evidence sought to be suppressed. (Parenthetically, the officers also found Ackles’ own driver’s license and proof of ownership of the car.)
While the constitution prohibits an unreasonable search of one’s person or property,[1] the courts have consistently held that a warrantless search is not unreasonable (and hence is not constitutionally invalid) if the search is incident to a lawful arrest.[2] Assuming the arrest of Ackles *41 was lawful[3] and that the warrantless search was not upon probable cause,[4] the question here is whether the search of the automobile was justified as an incident to the arrest.
A number of years ago our Supreme Court established as a fundamental standard for evaluating incidental searches the test of whether the search is appropriate to the reasonable requirements for effecting the arrest.[5] Within this test are two functions which are generally accepted as being served by an incidental search; one is protective, the other evidentiary. In other words, as an incident of a valid arrest an officer may make a contemporaneous [6] search of the arrested person and the area within his immediate control[7] for the purpose of locating weapons by which the officer could suffer harm or the arrestee could make good his escape,[8] or to secure fruits, instrumentalities, or evidence [9] which would aid in convicting for the offense zvhich caused the arrest.[10] Our statutory law acknowledges these as valid objectives in a warrantless search incident to an arrest.[11] However, the authorities which de *42 fine these objectives also define the limits to which an arresting officer may go in reaching those objectives.[12] A search which goes beyond the bounds of the test we have outlined is unreasonable and the fruits thereof become inadmissible in evidence[13] unless the arresting officer should (while still within the permissible scope of an arrest-based search) discover some indicia of criminal conduct which of itself furnishes probable cause to conduct a more extensive search.[14]
Applying these principles to the question here, i. e., was the search of the automobile “incident to” appellant’s arrest on the charge of “sleeping in a vehicle”, we think it clear the question must be answered in the negative. After appellant was arrested and searched, he was placed in the back of the police cruiser where, thus confined, he had no access to his own automobile. Manifestly, a search of the automobile at that time was not reasonably required in order to protect the police officers from harm or to prevent Ackles from escaping or destroying evidence. Neither can it be argued logically that a search of the automobile could yield evidence which might aid in a conviction for “sleeping in a vehicle”, the offense which caused the arrest. The search of the automobile simply was not, under the circumstances of this case, incident to the arrest. We conclude that it was error to deny the motion to suppress the tangible evidence produced by the search.
The order of probation is vacated, and this cause is remanded for further proceedings consistent herewith, including the entry of an order permitting appellant to withdraw his plea of nolo contendere, and the entry of an order granting appellant’s motion to suppress.
Reversed and remanded.
WALDEN, J., concurs.
MAGER, J., dissents, with opinion.

. U.S.Const. amend. IV; . Pla.Const. art. I, § 12 (1968), F.S.A.

. Chimel v. California, 1969, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685; Preston *41 v. United States, 1964, 376 U.S. 364, 84 S.Ct. 881, 11 L.Ed.2d 777; Courington v. State, Fla.1954, 74 So.2d 652; Haile v. Gardner, 1921, 82 Fla. 355, 91 So. 376; and Section 901.21(2), F.S.1971, F.S.A.

. Appellant does not contend that the arrest was illegal'.

. The state makes no contention that the search was based upon probable cause. Thus, this opinion is confined solely to the scope of warrantless search “incident to” a lawful arrest.

. Courington v. State, Fla.1954, 74 So.2d 652; and Haile v. Gardner, 1921, 82 Fla. 355, 91 So. 376.

. Preston v. United States, 1964, 376 U.S. 364, 367, 84 S.Ct. 881, 883, 11 L.Ed. 2d 777, and Dyke v. Taylor Implement Mfg. Co., 1968, 391 U.S. 216, 220, 88 S. Ct. 1472, 1475, 20 L.Ed.2d 538.

. Chimel v. California, 1969, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685; and Section 901.21(2) (a) and (b), F.S.1971, F. S.A.

. Chimel v. California, Id.

. Chimel v. California, 1969, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685; and Warden, Maryland Penitentiary v. Hayden, 1967, 387 U.S. 294, 87 S.Ct. 1642, 18 L.Ed.2d 782.

. United States v. Adams, 5 Cir. 1970, 424 F.2d 175; Williams v. United States, 5 Cir. 1969, 412 F.2d 729; United States v. Humphrey, 10 Cir. 1969, 409 F.2d 1055; Amador-Gonzalez v. United States, 5 Cir. 1968, 391 F.2d 308; Jack v. United States, 9 Cir. 1967, 387 F.2d 471, cert. denied, 392 U.S. 934, 88 S.Ct. 2299, 20 L.Ed.2d 1393 (1968); McCurdy v. State, 1965, 42 Ala.App. 646, 176 So.2d 53; People v. Molarius, 1956, 146 Cal.App.2d 129, 303 P.2d 350; Courington v. State, Fla.1954, 74 So.2d 652; Haile v. Gardner, 1921, 82 Fla. 355, 91 So. 376; Rowland v. State, 1968, 117 Ga.App. 577, 161 S.E. 2d 422; People v. Mayo, 1960, 19 Ill. 2d 136, 166 N.E.2d 440; Paxton v. State, Ind.1970, 263 N.E.2d 636; Lane v. Commonwealth, Ky.1964, 386 S.W.2d 743, 10 A.L.R.3d 308; Kleinbart v. State, 1967, 2 Md.App. 183, 234 A.2d 288; People v. Marshall, 1970, 25 Mich.App. 376, 181 N.W.2d 578; State v. Curtis, 1971, 290 Minn. 429, 190 N.W.2d 631; State v. Witherspoon, Mo.1970, 460 S.W.2d 281; State v. Scanlon, 1964, 84 N.J.Super. 427, 202 A.2d 448; People v. Anonymous A, 1968, 56 Misc.2d 1022, 290 N.Y.S.2d 337; State v. Call, 1965, 8 Ohio App.2d 277, 220 N.E.2d 130; Thompson v. State, Okl.Cr.App.1971, 488 P.2d 944; State v. Krogness, 1963, 238 Or. 135, 388 P.2d 120, cert. denied, 377 U.S. 992, 84 S.Ct. 1919, 12 L.Ed.2d 1045 (1964); Commonwealth v. Dussell, 1970, 439 Pa. 392, 266 A.2d 659; Elliott v. State, 1938, 173 Tenn. 203, 116 S.W.2d 1009; State v. Michaels, 1962; 60 Wash.2d 638, 374 P. 2d 989; and Barnes v. State, 1964, 25 Wis.2d 116, 130 N.W.2d 264; see Warden, Maryland Penitentiary v. Hayden, 1967, 387 U.S. 294 at 307, 87 S.Ct. 1642 at 1650, 18 L.Ed.2d 782; Note, Searches of the Person Incident to Lawful Arrest, 69 Col.L.Rev., 866 (1969) ; Note, Scope Limitations for Searches Incident to Arrests, 78 Yale L.J., 433 (1969) ; Annot., 10 A.L.R.3d 314 (1966). Compare Preston v. United States, 1964, 376 U.S. 364, 84 S.Ct. 881, 11 L.Ed.2d 777, and Cooper v. California, 1967, 386 U.S. 58, 87 S.Ct. 788, 17 L.Ed.2d 730, with Dyke v. Taylor Implement Mfg. Co., 1968, 391 U.S. 216, 88 S.Ct. 1472, 20 L.Ed.2d 538.

. Section 901.21(2), F.S.1971, F.S.A.

. See footnotes 6, 8, 9 and 10, supra.

. Fla.Const. art. I, § 12; and Mapp v. Ohio, 1961, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081.

. Coolidge v. New Hampshire, 1971, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564.