296 So.2d 505 (1974)
Joe Nathan PERRY, Appellant,
v.
The STATE of Florida, Appellee.
No. 73-1355.
District Court of Appeal of Florida, Third District.
June 25, 1974.
*506 Phillip A. Hubbart, Public Defender, and Eva Weisner, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., and William L. Rogers, Asst. Atty. Gen., for appellee.
Before HENDRY and HAVERFIELD, JJ., and SMITH, SAMUEL, Associate Judge.
PER CURIAM.
Defendant-appellant was informed against, plead nolo contendere, and was sentenced to 90 days in the county jail for carrying a concealed weapon.
On appeal, defendant contends the trial court erred in denying defendant's motion to suppress the evidence obtained in violation of his 4th and 14th Amendment rights under the U.S. Constitution and his rights under the Florida Constitution, where none of the circumstances which justify a search under the Florida stop and frisk law were present.
Before disposing of this issue, we first turn our consideration to the argument of the state that upon defendant's tender of his plea of nolo contendere and acceptance thereof by the trial court, defendant-appellant failed to reserve his right to appeal the denial of his motion to suppress. We cannot agree. An examination of the record on appeal reveals that defense counsel advised the court that defendant planned on appealing the ruling on the motion to suppress and wished to be declared indigent for the purpose of hiring a public defender. See State v. Ashby, Fla. 1971, 245 So.2d 225 and Ackles v. State, Fla.App. 1972, 270 So.2d 39.
With respect to the motion to suppress, we conclude that the denial thereof was reversible error. Fla. Stat. § 901.151, F.S.A. requires circumstances reasonably indicating that a person has committed, is committing, or is about to commit a violation of the criminal laws before he can be detained temporarily. Once so detained, a police officer must have probable cause that such person is armed and dangerous and therefore offers a threat to the safety of the officer before the officer may search such person.
The testimony of the arresting officer in the case sub judice clearly demonstrates that the only reason for "frisking" the defendant-appellant was the fact that he was standing next to one Yvonne Clark against whom there was an arrest warrant outstanding. Certainly, under these circumstances, the officer had no reason to believe that the defendant was armed and dangerous and therefore offered a threat to his safety. Cf. State v. Brooks, Fla.App. 1973, 281 So.2d 55 at 56.
Accordingly, the judgment herein appealed is reversed.
Reversed.