SMITH, Judge.
Conner appeals from a probationary sentence following the trial court’s acceptance of his plea of nolo contendere to a charge of possession of marijuana, reserving Conner’s right on appeal to complain of the court’s order denying his motion to suppress as evidence the marijuana seized on his person.
Conner attracted the attention of the arresting officer while walking one morning, apparently aimlessly, through an alley of a commercial area. His manner aroused the officer’s suspicion. Then the officer observed him “lift his hat and take something out of it and bend down and put it in his shoe and then walk off.” The officer testified that “the only thing I could think of he’d be putting down there was a weapon” and said “I don’t really know that it was a knife or gun or ax or what.” The officer approached, commanded Conner to remove his shoe, and arrested him for possession of the marijuana that was revealed.
The record is barren of evidence that there was probable cause to believe Conner was “armed with a dangerous weapon which offers a threat to the safety of the officer or any other person . . . Baker v. State, 316 So.2d 657, 658 (Fla. 1st DCA 1975); Perry v. State, 296 So.2d 505 (Fla. 3d DCA 1974). There was no probable cause to believe Conner was about to commit a crime. Even giving full credit to the genuineness of the officer’s suspicion, suspicion is an insufficient predicate for the search. Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968).
The sentence is VACATED and Conner is DISCHARGED.
McCORD, C. J., and MILLS, J., concur.