SCHWARTZ, Judge
(dissenting).
The appellant Stitely was a passenger on a motorcycle which was stopped for a minor traffic violation by officer McClain of the Public Safety Department. As McClain approached, Stitely placed an object, which he had been previously holding in his cupped right hand, down the front of his pants. After asking the defendant what was' in his waistband, McClain ordered him to spread eagle against the police car. The officer then went directly to the bulge in the defendant’s trousers and pulled out a plastic bag containing over five grams of marijuana for the possession of which Stitely was convicted below.
I think that Stitely’s motion to suppress the cannabis should have been granted. McClain had no objective reason to believe that the defendant was “armed with a dangerous weapon” so as to justify the search of his person pursuant to Section 901.151(5), Florida Statutes (1977), and Terry v. Ohio, 392 U.S. 1, 22, 88 S.Ct. 1868, 1880, 20 L.Ed.2d 889, 906 (1968). Although the officer said at the hearing that he believed the object Stitely had in his possession was a weapon, when the trial judge asked him why he thought so, he answered only that “I don’t know your Honor.” This obvious and admitted absence of any “specific and articulable facts which . . . reasonably warranted] . . . ” the search, Terry v. Ohio, supra, at 392 U.S. 21 at 88 S.Ct. 1880, 20 L.Ed.2d 905, requires, I believe, a determination that it was constitutionally unjustified. Conner v. State, 349 So.2d 709 (Fla. 1st DCA 1977); cf. Perry v. State, 296 So.2d 505 (Fla. 3d DCA 1974).
Furthermore, the search in question was an impermissibly broad one. Assuming McClain was in fact reasonably concerned that Stitely had a weapon, that concern would have been immediately dissipated had he conducted a “pat down” of the bulge in the defendant’s pants and thus discovered that it was a “soft” object which was patently not a gun, knife, or blackjack. McClain’s action in intruding directly into Stitely’s person therefore went beyond the “carefully limited search of the outer clothing . . .” authorized by Terry, supra, at 392 U.S. 30, at 88 S.Ct. 1885, 20 L.Ed.2d 911, see Sibron v. New York, 392 U.S. 40, 88 S.Ct. 1889, 20 L.Ed.2d 917 (1968), and went further than “. . . the extent necessary to disclose . . . the presence of such weapon,” under Section 901.151(5). The search was therefore invalid for this reason, as well.
On these grounds, I would reverse the judgment under review.