# RODRIGUEZ v STATE OF FLORIDA

## Case No. 85 010 AC

Eleventh Judicial Circuit, Appellate Division, Dade County

March 26, 1986

### APPEARANCES OF COUNSEL

**Bennett H. Brummer,** Public Defender, and **Marti Rothenberg,** Assistant Public Defender, for appellant.

**Jim Smith,** Attorney General, **Henry R. Barksdale** and **Nancy Wear,** Assistant Attorney Generals, for appellee.

Before HENDERSON, SALMON, ROBINSON, JJ.

### OPINION OF THE COURT

ROBINSON, J.

Defendant, GUILLERMO RODRIGUEZ, pled no contest to the

charge of driving with a suspended driver's license, in violation of Florida Statutes, Sec. 316.34. The trial judge sentenced him to sixteen days to be served on weekends. Primarily, he challenges his conviction by virtue of the trial court's denial of his Motion to Dismiss which argued that the defendant was discovered driving an unconstitutional roadblock.

David Porter, a police officer with the City of Miami Beach, had set up a roadblock operating on October 17, 1984, just after midnight, westbound on the McArthur Causeway at Terminal Isle. Cars were stopped through the use of flares to divert cars into one lane. Every car was stopped and checked for license and equipment violations. Officer Porter believed the Chief of Police instituted the roadblock. He testified that the Chief Commander and the Lieutenant also had authority to set up the roadblock. However, the record is unclear as to whose exact direction was responsible that evening. There was no standard procedure and the officer acted pretty much at his own discretion. There were no uniform written guidelines followed.

The trial judge did not have the benefit of the Florida Supreme Court's affirmance of *State v. Jones*, 11 FLW 67 (Feb. 21, 1986) in which the court set down the requirements for a constitutional roadblock. Paramount is the requirement of a written set of uniform guidelines which must be issued before utilization.

The Court approved most of the criteria in the nationally recognized decision, *State v. Deskins*, 234 Kan. 529, 673 P. 2d 1174 (1983). Guidelines should address "with reasonable specificity procedures regarding the selection of, vehicles detention techniques, duty assignments, and the disposition of vehicles." (11 FLW 67, 69). A plan's sufficiency should thus be judged as a whole. In this case the State has not shown that there was any written plan, what is more, one which addressed the required issues.

The State argues the Court not to reach the merits of this case as the defendant did not reserve his right to appeal when entering his no contest plea. The record shows that even though the defendant did not specifically and expressly reserve his right as required by Fla. R. App. P. 9.140(b). The trial judge said, "Let me give you a suggestion, Counsel, if you were ruled against, and you want to appeal it, you may." Upon entering the plea, defense counsel argued the dispositiveness of the roadblock issue and requested a delay of sentence to obtain a supersedeas. These facts are sufficient to preserve appellate rights. *Perry v. State*, 296 So.2d 505 (Fla. 3d DCA 1974).

Based on the unconstitutionality of the roadblock, the Motion to

Dismiss should have been granted. The Order of the Trial Court denying the Motion to Dismiss is REVERSED and the case is remanded to the Trial Court with directions to discharge the defendant.

HENDERSON and SALMON, JJ. CONCUR