PER CURIAM.
James Louis appeals his convictions for carrying a concealed firearm and possession of a firearm by a convicted felon. We reverse.
Defendant Louis was standing with two other men. Two police officers approached the group. For present purposes we assume that the officers had a reasonable suspicion to conduct an investigative stop of one of the defendant’s companions, who was a suspect in a robbery investigation. See § 901.151, Fla.Stat. (1989). The officers’ information creating the reasonable suspicion involved only the defendant’s companion and did not involve or relate to the defendant or the third member of the group.
When the officers approached the trio, they detained all three, ordering them to place their hands on an automobile. A subsequent frisk turned up a firearm on the defendant’s person. Defendant was charged with carrying a concealed firearm and possession of a firearm by a convicted felon in violation of subsections 790.01(2) and 790.23(1), Florida Statutes (1989). Defendant pled nolo contendere, reserving the right to appeal the denial of his motion to suppress the firearm.
We conclude that the defendant’s mere presence at the scene of the investigatory stop of his companions did not justify an investigatory stop of the defendant. See United States v. Clay, 640 F.2d 157, 160 (8th Cir.1981); Perry v. State, 296 So.2d 505, 506 (Fla. 3d DCA 1974). The automobile search cases relied on by the State are not on point; in those cases the stop of a car (based on a reasonable suspicion) of necessity stops all who are in the car. In the present case, the three men were pedestrians.
As there was no reasonable suspicion justifying an investigatory stop of the defendant, the frisk was impermissible and the defendant’s motion to suppress the firearm should have been granted. The convictions are reversed and the cause remanded with directions to vacate the convictions and sentences on the above-mentioned firearms charges.
Reversed and Remanded.
No motion for rehearing will be entertained.